# SUPREME COURT.

## WILLIAM B. BURNETT agt. GEORGE D. WESTFALL.

Under section 385 of the Code, where the plaintiff fails to obtain a more favorable judgment than the offer made by the defendant, he is not entitled to any

Burnett agt. Westfall..

costs whether disbursements or otherwise, *after* the offer made by the defendant; but the plaintiff is entitled to costs *up to the time the offer was made.*

The defendant charged in his bill of costs, " for proceedings subsequent to offer, and before notice of trial, $10." *Held,* that this item should be disallowed; no proceedings could be, or weretaken by the defendant after the offer, and before notice of trial.

The defendant also charged " subsequent proceedings before trial, $10." *Held,* that this item should be reduced to $7. The cause was tried, and verdict rendered in February, before the amendment of the Code in April following. The right of each party to costs was fixed on the coming in of the verdict.

The defendant charged " trial fee, $20." *Held,* that this item should be reduced to $12, on the same principle as the last-mentioned item. The charge of thirty-seven and a half cents was deducted from the charge for affidavits, on the ground that they were made for a motion in the cause, where no costs were allowed.

The defendant charged " clerks' fees, entry and copy judgment, $1.65." *Held* that this charge should be disallowed, on the ground that the item was chargeable by the clerk to the plaintiff, and not to the defendant.

The defendant also charged, " paid fees of Hiram Peck, constable of Canandaigua, for travel and serving subpœna on Elbridge Farwell of Holley, $5.42." *Held,* that this item should be disallowed. There was no law for allowing anything to a party for serving a subpœna. *It seems,* that the practice has not been under the Code, to allow anything for subpœnaing witnesses. It is a service which a party may always perform himself.

*Ontario Special Term and Circuit, January,* 1858.

MOTIONS by plaintiff and defendant for re-adjustment of plaintiff's costs, and by plaintiff for re-adjustment of defendant's costs.

In August last an order was made on application of the defendant that he, the defendant, recover costs under section 385 of the Code, and that such costs be set-off against the recovery of the plaintiff. That motion was resisted on the ground that the offer of judgment was insufficient. But the offer was held sufficient.

See the statement of the facts in the case as reported on that motion, *ante, p.* 420.

The costs of the plaintiff and defendant were subsequently adjusted by the clerk of Ontario county ; that of the plaintiff at $19.14, and of the defendant at $78.53. The plaintiff's

bill as presented to the clerk for adjustment, amounted to $36.23.

The defendant's counsel objected to the allowance of any costs to the plaintiff, which objection was overruled by the clerk.

Objections were made by the plaintiff's counsel to various items in the defendant's bill, which, with the objection to the plaintiff's costs, are considered in the following opinion.

S. BALDWIN, *for plaintiff.*
F. E. CORNWELL, *for defendant.*

WELLES, Justice.   It is conceded by the defendant's coun-sel, that if the plaintiff is entitled to costs at all, the bill is properly taxed at $19.14.

But he appeals from the taxation, on the ground, that as he claims, the plaintiff is not entitled to any costs.   Section 385 of the Code, after providing that the defendant may serve an offer on the plaintiff allowing him to take judgment, &c., and that the plaintiff may serve a notice of acceptance, &c., concludes as follows: "If the notice of acceptance be not given, the offer is to be deemed withdrawn, and cannot be given in evidence; and if the plaintiff fail to obtain a more favorable judgment, he cannot recover costs, but must pay the defendant's costs from the time of the offer."

The question arises upon the provision of the section, de-claring that when the plaintiff fails to recover a more favora-ble judgment than the defendant offered to allow him to take, " he cannot recover costs."   When the offer was made, the plaintiff was entitled to costs up to that time, and if the law now denies it to him, it can be regarded in no other light than a penalty for not accepting the offer.   This, I think, was not the intention of the legislature.   The construction of the sec-tion should be the same as if the word " after " had followed the word " costs," so that the expression would have been in the following words: "he cannot recover costs after, but must pay the defendant's costs from the time of the offer."   This I

think must be the true reading of the section. (*Keese* agt. *Wyman*, 8 *How. Pr. R.* 88.)

The items stricken out of the plaintiff's bill which accrued after the offer, were properly rejected. The plaintiff was not entitled to any costs, whether disbursements or otherwise, after the offer was served. I think the plaintiff's costs were properly adjusted, excepting that the item of interest must be modified as hereinafter directed.

As to the defendant's costs, the first item is for "proceedings subsequent to offer, and before notice of trial, $10." This item must be wholly disallowed. No proceedings could be or were taken by the defendant after the offer, and before notice of trial.

The next item is "subsequent proceedings before trial, $10." It is objected that this should be only $7, instead of $10. The objection must prevail. The cause was tried and verdict rendered in February, before the amendment of the Code in April following. The right of each party to costs was fixed on the coming in of the verdict. The law then settled their rights in that respect, and the delay in adjusting the costs cannot affect the rates of allowance. (*Moore* agt. *Westervelt*, 14 *How. Pr. R.* 279 ; *Hunt* agt. *Middlebrook*, *id.* 300.)

The next item is "trial fee, $20." On the same principle, this must be reduced to $12. There must be thirty-seven and a half cents deducted from the charge for affidavits, as it appears that three of them were made for a motion in the cause where no costs were allowed. Another item objected to is as follows : "clerk's fee, entry and copy judgment, $1.65." This charge is disallowed on the ground that the item is chargeable by the clerk to the plaintiff, and not to the defendant.

The only remaining charge objected to is : "paid fees of Hiram Peck, constable of Canandaigua, for travel and serving subpoena on Elbridge Farwell, of Holley, $5.42." This item must be disallowed. There is no law for allowing anything to a party for serving a subpoena. The provision found in section 311 of the Code respecting disbursements, cannot con-

template payments made for serving subpœnas; such allowances would be intolerable. Cases might arise where such charges in a bill, if allowable, would exceed in the aggregate, all the other costs in the cause. I understand the practice has not been, under the Code, to allow anything for subpœnaing witnesses. It is a service which a party may always perform himself; and I can see no more propriety in the charge than there would be in charging the party's own personal expenses for railroad or stage fare, or livery stable or hotel bills necessarily incurred in going to, attending at, and returning from the trial.

The defendant's bill must be re-adjusted by the clerk upon the principles above stated; and there must be a re-statement of interest, deducting from the amount of the verdict, and plaintiff's costs as adjusted without the item of interest charged, the amount of the defendant's costs after the same shall have been re-adjusted as herein directed, and the interest computed on the balance from the time the verdict was rendered, to the time judgment shall be entered and docketed; no costs of these motions to be charged to either party.