# N. Y. SUPERIOR COURT.

ELISE MAGNIN *et al.* agt. WILLIAM B. DINSMORE, President of the Adams' Express Co.

### *Costs — extra allowance.*

Where a defendant, after issue joined, served upon the plaintiffs an offer to allow judgment to be taken against him for a certain sum with costs, and the plaintiffs failed to recover a more favorable judgment, the defendant, in such case, is not entitled to an extra allowance, although it be conceded that the action was a difficult and extraordinary one.

*Special Term, November,* 1873.

THE plaintiffs commenced an action against the defendant, as a common carrier, to recover the sum of $2,500. About a year after issue was joined, the defendant served upon the plaintiffs an offer to allow judgment to be taken against him for fifty dollars, with interest and costs. The plaintiff, on the trial, recovered only that amount. The defendant moved for an allowance.

*Charles M. Da Costa*, for the motion.

*C. Bainbridge Smith*, opposed.

SEDGWICK, *J.*—The plaintiffs have recovered a judgment for more than fifty dollars, and are, therefore, the prevailing party upon the judgment declared by section 303 to be entitled to the costs. The costs are allowed, of course, to them; section 304. Section 307 fixes the amount of the costs, by giving different sums for the different stages of the

proceedings in the action. Under section 309, the plaintiffs would further be entitled (as this is conceded to be a difficult and extraordinary case) to an allowance not exceeding five per cent, upon the amount of the recovery. This allowance is not an indemnity for the expenses attending a particular stage of the action, such as proceedings before notice of trial, fifteen dollars or twenty-five dollars, or for proceedings after notice of trial, fifteen dollars. It is given at the time when the party is entitled to enter judgment for an indemnity for the expenses of the action, as a whole, from first to last. We have stated above the general rule. Because, however, the defendant served an offer for judgment, as favorable to the plaintiffs as the judgment they are now entitled to enter, they, by section 385, cannot "recover costs, but must pay the defendant's costs *from the time of the offer*." As we think that an allowance under section 309 is not given for a part of the action, it follows that defendant's costs from the time of the offer, say before notice of trial or after, do not, within the meaning of this section, include an allowance.

There is no way of apportioning it under the Code as it stands.

If an allowance were ordered to defendant, it would have to be such a one as the Code authorized to be given to him from the time of his offer. As I do not think the Code has made such a provision, the motion for the additional allowance to the defendant must be denied, but without costs.