# N. Y. SUPERIOR COURT.

ELISE MAGNIN agt. WILLIAM B. DINSMORE, President, &c.

Under the provisions of section 385 of the Code where a verdict obtained is not more favorable than an offer previously made by defendant, the costs accruing after the offer are to be taxed in favor of the defendant, the plaintiff's costs being confined to the time prior to the offer.

*Special Term, December,* 1873.

APPEAL from taxation of costs.

Plaintiff, upon the trial, had a verdict for eighty-seven dollars and forty cents, which was not more favorable than the one which the defendant had previously offered under section 385 of the Code to allow to be taken. The justice presiding at the trial therefore directed that the defendant recover all costs subsequent to the offer. Upon the taxation of these costs by the clerk, plaintiff claimed to be entitled to costs up to the time of the offer. The claim was allowed and defendant appealed.

FREEDMAN, *J.*—In section 385 of the Code, as amended by chapter 479 of the Laws of 1851, page 903, the words, "and if the plaintiff fail to obtain a more favorable judgment he cannot recover costs, but must pay the defendant's costs," are separated from the words, "from the time of the offer," by a comma, thus showing clearly that it was the intention of the legislature, which then, for the first time, enacted the prohibition of plaintiff's recovery of costs in the cases comtemplated by said section, to enact that such prohibition should run from the time of defendant's offer, and should not relate back as a penalty to the time of the commencement of the

action.   In *Burnett* agt. *Westfall* (15 *How.*, 430) the same construction was adopted, notwithstanding the court failed to notice the existence of the comma above referred to.

It is true that the language of the section has been again amended, in respects not necessary to be noticed here, by chapter 824 of the Laws of 1866 (*vol.* 2, *p.* 1845), and that in the amendment, as published, the said comma has been omitted.   But in view of the construction adopted by the supreme court, in *Burnett* agt. *Westfall*, of which the legislature of 1866 must be presumed to have been cognizant, this bare omission does not *per se* demand a different construction; and as the one previously adopted is the more equitable one, it should be retained.

The plaintiff having recovered a judgment for more than fifty dollars is the prevailing party; and as such he is entitled to costs under section 303.   Under section 304 such costs are allowed to her, of course; but under the operation of section 385 they are to be confined to the time prior to the offer, and all costs which accrued subsequently are to be taxed in favor of the defendant.   The costs to be taxed on either side include, as a matter of course, the necessary disbursements.

The taxation should be affirmed.