# HIRSCHSPRING v. BOE.

*N. Y. City Court, Special Term ; November*, 1887,

1. *Costs ; right, determined as of time of trial; offer.*] Since the right of parties to costs is determined as of the time of trial, if, in an action in a court of record, the defendant offers ·judgment for an amount less than $50, but which with interest to the time of trial ·exceeds that sum, the plaintiff is entitled to costs accruing before ·the offer ; but the defendant is entitled to costs thereafter, if the plaintiff's recovery, though it exceeds $50, is less than the amount offered and interest thereon to the day of trial.

2. *The same ; case stated.*] Before notice of trial, defendant offered judgment for $43.75, which, with interest to the last day to accept the offer, amounted to $49.53, but, which with interest to the day ·of trial amounted to $51.95. Plaintiff recovered $51.01. *Held*, that the plaintiff was entitled to costs before notice of trial, and ·defendant to the costs thereafter.

3. *The same ; extra allowance where offer rejected.*] It is in the power ·of the court to grant an extra allowance to the defendant where ·before·issue joined he had served an offer to allow judgment, and ·plaintiff failed to obtain a more favorable recovery.

Motion by the plaintiff to retax two items in the defend-

ant's bill of costs, $10 costs before notice of trial, and an extra allowance.

After issue joined, and before notice of trial, defendant served an offer to allow judgment against him for $43.75, and interest from a day named, which, up to the last day which plaintiff had to accept the offer amounted to $5.78, making the total amount of the offer $49.53. The interest on the amount offered up to the day of trial amounted to $8.20, which made the total amount up to the day of trial $51.95. The plaintiff recovered $51.01, being 94 cents less than the the amount of the offer with interest to the day of trial.

The court granted the defendant an extra allowance, which the clerk taxed in the bill of costs, in his favor, as well as $10 costs before notice of trial.

Plaintiff moved for retaxation.

*Ullo, Ruebsamen & Hubbe,* for the plaintiff, and the motion.

*George H. Forster,* for the defendant, opposed.

McADAM, Ch. J.—The plaintiff has recovered $51.01, and would have been entitled to full costs but for the offer of judgment. The right of parties to costs is determined as of the time of trial. For example : If a plaintiff sues for $49, he is not entitled to costs; but if a defense is interposed and the claim, with interest added to the time of trial, aggregates $50, and the plaintiff has a recovery for that amount, he is entitled to a full bill of costs. Upon this principle and in the light of section 738 of the Code,* the plaintiff became

---

* Code Civ. Pro. § 738, provides: " The defendant may, before the trial, serve upon the plaintiff's attorney, a written offer, to allow judgment to be taken against him, for a sum or property, or to the effect, therein specified, with costs. . . . . . If the plaintiff, within ten days thereafter, serves upon the defendant's attorney, a written notice that he accepts the offer, he may file the summons, complaint, and

entitled to $15 costs up to the time of the offer, and the defendant to the costs thereafter (Burnett *v.* Westfall, 15 *How. Pr.* 430; Magnin *v.* Dinsmore, 15 *Abb. Pr. N. S.* 331; s. c., 46 *How. Pr.* 297).

As to the allowance, the case of Magnin *v.* Dinsmore (47 *How. Pr.* 11) decides that where after issue joined, the defendant serves an offer to allow judgment, and plaintiff fails to obtain a more favorable recovery, the defendant is not entitled to an allowance. If this decision denies the power of the court to grant an allowance where an offer has been made and rejected, it cannot be approved. There is nothing in section 3253 of the Code that imposes any such limitation of power, nor is there anything in Penfield *v.* James (56 *N. Y.* 659) that necessarily implies such a limitation. If the offer is not made until the issue is nearing trial, that circumstance may have its influence on the question whether an allowance ought to be granted to the defendant, because his right to costs commences to run only from the time the offer is made (*Code. Civ. Pro.* § 738).

In this case an allowance was granted; the court had the power to award it (Commissioners of Pilots *v.* Spofford, 3 *Hun,* at p. 59), and the clerk could not review the exercise of discretion by the court; so that the allowance is a proper item to go in the judgment.

The clerk will be directed to retax in accordance herewith.

---

offer, with proof of acceptance, and thereupon the clerk must enter judgment accordingly. If notice of acceptance is not thus given, the offer cannot be given in evidence upon the trial; but, if the plaintiff fails to obtain a more favorable judgment he cannot recover costs from the time of the offer, but must pay costs from that time."