### LANDON *v.* VAN ETTEN *et al.*

(*Supreme Court, Special Term, New York County.* February 3, 1890.)

COSTS—TAXATION—EXTRA ALLOWANCE.

 A verdict was directed for plaintiff at special term for less than he claimed, and his exceptions were argued at general term. A reargument was ordered; but, before it was had, defendants made an offer to allow judgment for a certain amount, which plaintiff refused. The general term afterwards overruled the exceptions, and directed judgment for plaintiff for less than the judgment offered. *Held*, that defendants were not entitled to an extra allowance, though the case was difficult and extraordinary. Following *Magnin* v. *Dinsmore*, 47 How. Pr. 11.

Action by Shepherd F. Knapp, receiver, for whom plaintiff Landon was afterwards substituted, against James Van Etten and others, on an undertaking given by defendants for costs on appeal from a judgment of foreclosure, and for use and occupation of the mortgaged premises pending the appeal. The undertaking also contained the provisions required in appeals from judgments for the payment of money, but defendants claimed that such provisions had been inserted by mistake. Plaintiff sought to recover on the undertaking, not only the costs of the appeal, and for use and occupation of the premises, but also for a large deficiency which arose under the foreclosure sale. At the trial a verdict was directed for plaintiff only for the costs of the appeal, and for use and occupation of the premises pending the appeal, and judgment was entered therefor; the whole amount being for less than $1,500. Plaintiff took exceptions to the action of the court in directing the verdict, and they were heard by the general term. 42 Hun, 660. After such hearing, and before hearing of a reargument ordered by the general term, defendants offered to allow judgment against them, which plaintiff refused. After reargument the general term overruled plaintiff's exceptions, and gave judgment on the verdict. The amount of the judgment thus rendered was less than the amount of defendant's offer. Defendants now move for an extra allowance against plaintiff on the ground that the case was difficult and extraordinary.

*Alexander Cameron*, for plaintiff. *Wheeler, Cortis & Godkin*, for defendants.

BARRETT, J. There can be no doubt that the defendants are entitled to costs. The offer expressly included interest on $1,500 from March 30, 1884, to the date of the service of the offer, August 9, 1889. Thus the sum actually offered, even without interest thereafter, considerably exceeded the amount for which the verdict was directed. But I am constrained to deny an extra allowance upon the authority of *Magnin* v. *Dinsmore*, 47 How. Pr. 11. I cannot find any case questioning the rule there laid down, though it

certainly seems unjust that the party successful in the real controversy cannot have adequate compensation. The motion must therefore be denied, but without costs.