LOREN L. TOMPKINS, RESPONDENT, *v.* TITUS IVES, APPELLANT.

*Time of offer—Costs—Code,* § 385.

An offer to permit the Plaintiff to take judgment under § 385 of the Code of Procedure must be construed as an offer in the action at the time it is served, in its then condition; and has no reference to the case when changed in its condition by future proceedings.

If the Defendant subsequently set up a counter-claim, which is also extinguished by the subsequent judgment of the Plaintiff, and which together with the judgment amount to more than the Defendant offered to permit judgment for, the Plaintiff will be entitled to costs.

APPEAL from the Supreme Court.—The action was for work, labor, and services, and board and lodgings furnished to the Defendant and his servants. The Plaintiff recovered $69.80. There was no appeal from the judgment to the General Term. The appeal to this Court is from the judgment at Special Term, on the findings of the referee, and from an order at the General Term affirming an order awarding full costs to the Plaintiff.

The Appellant claimed that he had made an offer more favorable to the Plaintiff than the judgment recovered, and that he was entitled to the costs which accrued subsequent to the offer. The material facts were these:

The complaint alleged the facts on which the Plaintiff based his claims, and no facts showing the existence of any counter-claim.

Four days before the answer was interposed, the following offer was served: "The Defendant herein offers to allow the Plaintiff to take judgment against him in this action for $70, besides costs and disbursements.—Watertown, Jan. 31, 1865." This offer was not accepted. On the 3d of February the Defendant served his answer, setting up, among other things, counter-claims for goods sold and services rendered.

The referee found, as matter of fact, that the demands of the Plaintiff, established on the hearing, were $336.40; that the amount of the Defendant's payments and counter-claims was $268.61, and that the Plaintiff was entitled to judgment for the

balance, $67.79, with interest, amounting in all to $69.80, and for that amount judgment was entered. The counter-claims allowed by the referee embraced, among other things, the value of corn, butter, and other articles sold by the Defendant to the Plaintiff, amounting to $37; so that if this allowance had not been made, the recovery would have largely exceeded the sum named in the offer.

The Clerk adjusted the costs on the theory that the judgment was less favorable to the Plaintiff than the offer. The Court ordered a re-taxation, with an allowance of full costs to the Plaintiff; and this order was affirmed on appeal to the General Term in the Fifth Judicial District. The case is reported in 30 How. 13.

*Brown & Beach* for Appellants.
*Moore & McCartin* for Respondents.

PORTER, J.—The import and effect of the order must be determined by the condition of the pleadings at the time it was made. It did not mean one thing then, and another four days afterward. The answer was not designed to vary the terms of the previous prohibition, but to take issue on the Plaintiff's demand, and to introduce cross-claims on the part of the Defendant for the purpose of reducing or defeating a recovery, if no notice was given within the ten days allowed by law. The intermediate pleading was, in its nature, provisional; and a notice of acceptance, whether served on the first or the tenth day, could apply only to the original offer. It would operate upon the Plaintiff's claim, but not upon independent causes of action existing in favor of the Defendant. The litigation resulted in a recovery more favorable to the Plaintiff than the offer. The nominal amount was less than the sum proposed; but, in determining the right to costs, the Plaintiff is entitled to the benefit of the counter-claims, which the Defendant afterward elected to interpose, and which are now extinguished by the judgment (Code, sec. 385; Fieldings *v*. Mills, 2 Bosworth, 489; Ruggles *v*. Fogg, 7 Howard, 324; Budd *v*. Jackson, 26 Ib. 401; Schneider *v*. Jacobie, 1 Duer, 694).

The judgment should be affirmed.

BOCKES, J.—Without considering the objection urged, that the appeal is irregular, I am of the opinion that the order awarding costs to the Plaintiff was properly granted. The facts bearing on this question are as follows: The Defendant's attorney, before answering the complaint served on the Plaintiff's attorney, made an offer under section 385 of the Code of Procedure, consenting that he might take judgment in the action for $70, and costs. The offer was not accepted; an answer was served three days after the service of the offer, setting up payment, and also counter-claims amounting to $100.42. On the trial before the referee the Plaintiff recovered a trifle less than the sum offered. When an offer for judgment is given, pursuant to section 385, the Plaintiff has ten days within which to accept it, and the section provides that if the offer be not accepted, and " if the Plaintiff fail to obtain a more favorable judgment, he cannot recover costs, but must pay the Defendant's costs from the time of the offer."

The question now is, was the judgment recovered more favorable to the Plaintiff than the offer? The Plaintiff insists that it was more favorable, because, in addition to the recovery, counter-claims to the amount of $100.42 were extinguished. The offer should be construed as an offer in the action at the time it was served, in its then condition. It had no reference to the case when changed in its condition by future proceedings. In effect it was this : As the case now stands between us, I will allow you to take judgment for the sum offered. It meant this, and nothing more, when served, and its signification could not be enlarged from day to day afterward, without any intimation from the Defendant of its more comprehensive import ; and the section under which the offer was made evidently contemplates that it should take effect at the time of service, for it provides that if the Plaintiff fail to obtain a more favorable judgment, he must pay the Defendant's costs from *the time of the offer*.

Giving effect to the offer, as of the time of its service, and it is very obvious that the Plaintiff obtained a more favorable judgment than he would by its acceptance—in this, that by the judgment, counter-claims to the amount, as set forth in the pleading,

of $100.42, were extinguished.  He was therefore entitled to recover the costs of the action, the same as if no offer had been served in the case.

All concur in the opinions of PORTER and BOCKES, JJ., except HUNT, who dissents.

Judgment affirmed.

JOEL TIFFANY,

State Reporter.
