RUSSELL STURGIS et al., as The Board of Commissioners of Pilots, Respondents, *v.* PAUL N. SPOFFORD et al., Executors, etc., Appellants.

The right to costs is substantial, and when claimed by a party under a positive statutory provision does not involve any question of discretion. An order, therefore, denying costs in such case is appealable to this court. (Code, § 11, sub. 4.)

The discretion given by section 306 of the Code, to an appellate court, as to costs of appeal, where judgment is affirmed in part and reversed in part, only applies to and affects the costs in the appellate court which thus modifies the judgment.

In an action for the recovery of money, defendant served an offer of judgment under section 385 of the Code, which was not accepted. Plaintiff obtained judgment for a larger amount; this was affirmed at General Term; upon appeal to this court the judgment was reversed in part without costs to either party here. The judgment as modified was less favorable than the offer. *Held*, that defendants were entitled to costs subsequent to the offer, including costs of General Term, and that an order denying General Term costs was reviewable here.

(Argued June 9, 1874; decided June 16, 1874.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, affirming an order of Special Term directing a retaxation of defendants' costs.

This action was brought to recover penalties for violations of the pilotage law. Defendants before answering made an offer of judgment, under section 385 of the Code, of $100 and interest, with costs. The offer was refused. Plaintiffs recovered at Circuit forty-six penalties, *i. e.*, $4,600. The judgment was affirmed at General Term. Defendants appealed to the Court of Appeals where the judgment was reversed, except as to one penalty ($100), without costs to either party in said court. Defendants' costs subsequent to the offer of judgment, including General Term costs, were taxed and allowed by the clerk. On motion of plaintiffs the Special Term ordered a readjustment and that the costs of General Term be stricken out.

*Homer A. Nelson* for the appellants. Defendants are entitled to judgment for their costs. (Code, § 385; *Hill* v. *Northrop*, 9 How., 525.) The question of costs did not rest in the discretion of the court. (*Gray* v. *Hannah*, 3 Abb. Pr. [N. S.], 183; *Ayres* v. *West. R. R. Co.*, 49 N. Y., 660.)

*Wm. Allen Butler* for the respondents. As the appeal involves only a question of costs, it cannot be reviewed by this court on an appeal from an order of the General Term. (*Rathbone* v. *McConnell*, 21 N. Y., 466.) The question of costs was in the discretion of the court. (Code, § 306, sub. 2.)

Grover, J. The counsel for the appellants insists that the order is not appealable to this court, and that the question involved therein and determined thereby can only be reviewed here upon appeal from the judgment. I think it comes directly within the fourth subdivision of section 11 of the Code. The right to costs is substantial, and when claimed by a party, as in the present case, by the positive provision of

the statute, does not involve any question of discretion. The action was for the recovery of money only, and the judgment finally recovered by the respondents was less favorable than that offered by the appellants, pursuant to section 385 of the Code, which was not accepted by the respondents. This exonerated the appellants from liability to pay costs arising after the time limited for the acceptance of the offer, and gave them the right to recover costs subsequently accruing. Had not this right been affected by another provision of the Code, the appellants would have an absolute right to recover all their subsequent costs. Section 306, among other things, provides that the costs of an appeal shall be in the discretion of the court: 1st. When a new trial shall be ordered. 2d. When a judgment shall be affirmed in part and reversed in part. It is clear that the discretion by this section is given to the appellate court only, and not conferred upon any other. The judgment in this case was affirmed in part and reversed in part by this court, and in the exercise of its discretion conferred by this section it ordered that neither party should recover costs against the other in this court. This limited the right of the appellants to all subsequent costs given by section 385, and they do not claim to recover of the respondents the costs of the appeal to this court. Their right to these is not involved in the case. But this is the only limitation of the right given by section 385. The General Term of the Supreme Court affirmed the judgment. It, therefore, had no discretion as to the costs of the appeal to that court under section 306, and it did not attempt to exercise any. It follows that the appellants are entitled to costs of that appeal under section 385.

The order of the Special and General Terms of the Supreme Court must be reversed, and an order entered directing judgment for the appellants for their costs subsequent to the failure of the respondents to accept the offer, including the cost of the appeal to the General Term, to be adjusted with cost of the motion, and of the appeals

Statement of case.

from the order from the Special to the General Term, and from the latter to this court.

All concur.

Ordered accordingly.