Riggs agt. Waydell.

## SUPREME COURT

ALBERT R. RIGGS agt. FREDERICK WAYDELL, JOHN W. WAY-
DELL and WILLIAM ANDERSON WAYDELL.

*Offer to allow judgment to be taken — neglect to annex affidavit — Code of
Civil Procedure, section 740.*

An offer to allow the plaintiff to take judgment for an amount therein
specified, signed by the defendants' attorney, but to which the affidavit
required by section 740 of the Code of Civil Procedure is not annexed,
is a nullity and the plaintiff is not required either to accept or reject it.

There is no such thing as creating an offer by waiver. A plaintiff cannot
waive it into validity as against a defendant.

If a party desires the benefit of the statute he is bound to do just what
the statute points out.

*Special Term, January, 1879.*

THE plaintiff resided in Morris county, New Jersey, and
the defendants lived and were doing business in New York
and Brooklyn. The action was brought, in October, 1877, to
recover for a balance due the plaintiff from the defendants
for a large quantity of hoops sold and delivered at various
times from November, 1873, up to and including April, 1877,
at the market prices, claiming over $4,000, which the plaintiff
believed, from the defendants' own showing, he was justly
entitled to. The defendants put in an answer of general
denial.

On December twenty-eighth an offer of judgment was
made, subscribed by the attorney for defendants, of $800, and
interest from April 26, 1877. No affidavit was attached to
the offer. January 5, 1878, the plaintiff's attorney, in writ-
ing without affidavit, declined to accept "the offer made."

The case was afterward referred. The plaintiff's attorney,

Riggs agt. Waydell.

in a letter to the defendants' attorney, said he had seen the plaintiff and that he could not "accept the offer made;" and in another letter he thought the attorney for the defendants ought not to demand a bond, which he did, inasmuch as he had "made an offer of judgment for several hundred dollars." No notice was permitted by the referee, and the attorney for the defendants, to be made to it afterward, when once or twice the attorney for the plaintiff spoke of it.

At the first meeting of the counsel before the referee it was agreed as to the number of hoops sent and the number received. There was no dispute as to the agreement. "The market prices of good hoops" were to be given, and those prices were substantially about the same as given on both sides. The only question was as to quality; and there seemed to be no difference there, as it was claimed on one side that they were "good, fair, merchantable hoops;" and on the other side, while they insisted there were many poor and indifferent, they asserted that they assorted them and threw out all such on receiving them and made them all good. There were about a dozen hearings. Three witnesses were called by the plaintiff and eleven by the defendants.

The referee found for the plaintiff for $647.02, with interest from April 26, 1877, making, at the date of his report, November 4, 1878, $722.49.

At the special term, held at supreme court chambers on the first Monday in January, 1879, the attorney for the defendants made a motion "for an order granting to the defendants in this action a further allowance, in addition to costs, to be computed upon the claim of the plaintiff in the action, and, if the same be necessary, allowing said defendants to serve upon said plaintiff's attorney the affidavit mentioned in section 740 of the Code of Civil Procedure, with the like effect as if the same had been annexed to and served on him with the offer for judgment made by the defendants in this action upon the 28th day of December, 1877, and for such further or other order as may be just and proper."

Riggs agt. Waydell.

The attorney for the defendants read his own affidavit; that at the time of making said offer he had been, and was, duly authorized to make it, but that he had "inadvertently overlooked and was not aware of the provision of section 740 of the Code requiring the annexation to such offer for judgment of an affidavit of deponent that he was duly authorized to make such offer;" and was not aware of it "until the 9th day of November, 1878."

The deponent further said, that his preparation for the defense and the trial, together with making his brief, "involved and received a large amount of time and labor," and that he verily believed "that the case was an extraordinary and difficult one, within the meaning of section 309 of the Code."

The plaintiff's attorney, in his affidavit, said, "that what purported to be an offer of judgment, which was not validly made, was only signed by the said attorney, and that the deponent never had any knowledge that the defendants themselves authorized it, and the plaintiff himself directed the deponent to have nothing at all to do with it, and never saw it, and the referee never took notice of it." He knew not "that the defendants then, or at any other time, had authorized any such an offer to be made. Neither had he in any way been authorized by the plaintiff to accept any such an offer."

The deponent further said that he did not think the case was either "difficult" or "extraordinary" on the part of the defendants as the case was heard in the city of New York where the attorney, defendants and their witnesses were; that the plaintiff was put to great inconvenience and annoyance, and might have been heard in his opinion by a court and jury at a single sitting. The sittings were brief and frequently interrupted. Twice the attorney for the defendants was engaged and adjournments were obliged to be had when no notice had been given by the defendants, and many witnesses were called which seemed wholly unnecessary.

Riggs agt. Waydell.

*J. Hervey Cook*, for plaintiff.    The paper purporting to be an offer of judgment was subscribed by the attorney for defendants, and no affidavit was made or annexed to show any authority.    The defect is not a mere irregularity but a matter of substance (*McFarren* agt. *St. John*, 14 *Hun*, 387).    The case was not a difficult and extraordinary one, so as to entitle the party to an extra allowance (*Fox, Exrs.*, agt. *Fox*, 22 *How.*, 453 ; *Duncan* agt. *De Witt*, 7 *Hun*, 184 ; *Fox, Admr.*, agt. *Gould*, 5 *How.*, 280 ; *Main and others* agt. *Pope*, 16 *id.*, 271).    In making a motion for an extra allowance in all cases where the trial has been by reference, the certificate of the referee should be procured (*Fox, Admr.*, agt. *Gould*, 5 *How.*, 280 ; *Main* agt. *Pope*, 16 *id.*, 271).

*N. B. Hoxie*, for defendants.

BARRETT, *J.* — There is no material distinction between this case and *McFarren* agt. *St. John* (14 *Hun*, 387).    The declination was superfluous and left the matter precisely as though it had not been served.    There is no such thing as creating an offer by waiver ; either there was an effective offer or there was not.    The plaintiff could not waive it into validity as against the defendants.    True, he called it the defendants' offer, and so it was the defendants' invalid offer. It comes to this :  If the defendants desired the benefit of the statute they were bound to do just what the statute pointed out.    This they did not do, consequently the cause proceeded without a statutory offer.    To talk of amending so as to alter the present legal status is to misconceive the office of amendment.    Besides, that would be to make now and for the first time a good offer.    That being so, by what authority would we deprive the plaintiff of his statutory right to accept within ten days from the present date ?  The motion to amend by adding the affidavit of authority required by section 740 of the Code of Civil Procedure and for an allowance must be denied, but under the circumstances without costs.