ALBERT R. RIGGS, Respondent, *v.* FREDERIC WAYDELL et al., Appellants.

An offer of judgment signed by defendants' attorney, to which no affidavit showing his authority to make it is annexed, as required by the Code of Civil Procedure (§ 740), is invalid.

A notice served upon said attorney by plaintiff's attorney declining the offer, without pointing out such defect, is not a waiver thereof.

Defendants attorney having served such an offer, and plaintiff on the trial having recovered less than the amount named, said attorney moved to be allowed to serve the affidavit *nunc pro tunc,* and for an extra allowance. The motion was denied. *Held,* that if such an amendment was authorized it was in the discretion of the court, and an order denying the application therefor, was not reviewable here; and that as the question of costs could not arise until this relief was obtained, the decision of the motion did not determine the right to costs, and so was not appealable on that account.

(Argued October 14, 1879; decided November 18, 1379.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, which denied a motion on the part of defendants, for an extra allowance and for leave to serve upon the plaintiff's attorney the affidavit prescribed by section 740 of the Code of Civil Procedure, with the like effect as if it had been annexed to an offer of judgment herein, which had been subscribed and served by defendants attorney without annexing such affidavit. (Reported below, 17 Hun, 515.)

The plaintiff's attorney after service of the offer served on defendants' attorney a notice declining to accept. Plaintiff recovered a less amount than the sum offered.

*N. B. Hoxie,* for appellants. The failure to annex to the offer for judgment the affidavit mentioned in section 740 of the Code, did not make the offer invalid, *i. e.*; a nullity; the omission was, at the most, an irregularity, and as such could have been waived by plaintiff or supplied *nunc pro tunc* by leave of the court. (Code of Civil Proc., §§ 55, 528; *Snape* v.

*Gilbert*, 13 Hun, 494; *Clapp* v. *Graves*, 26 N. Y., 418; *Webb* v. *Sill*, 18 Abb. Pr. R., 264; *Mason* v. *Luddington*, 56 How. Pr., 172; *White* v. *Bogart*, 73 N. Y., 256; *Holloway* v. *Stephens*, 2 T. & C. [No. 2], 562; *Dickinson* v. *Dickey*, 14 Hun, 617.) Insufficient statements and verifications of confessions for judgment have been amended even as against subsequent creditors. (*Mitchell* v. *Van Buren*, 27 N. Y., 300; *Ingram* v. *Robbins*, 33 id., 409; *Union Bk.* v. *Bush*, 36 id., 631; *Bathgate* v. *Haskin*, 63 id., 261, 266, 267.)

*J. Hervey Cook*, for respondent. As the offer of judgment had not the required affidavit annexed it was a nullity. (Code of Civil Procedure, § 740; *McFarren* v. *St. John*, 14 Hun, 384.)

*Per Curiam.* We concur with the opinion of the Special and that of the General Term, that the offer made by the defendant to allow judgment to be taken was imperfect, because it was not in conformity to the Code, and that there was no waiver of the defect by the notice served by the plaintiff's attorney upon the defendant's attorney, or in any other manner.

We are also of the opinion that if the case was one in which the courts were authorized to allow the defendants to serve the affidavit required *nunc pro tunc*, it was a matter of discretion with the Special Term, and having once been refused there, as well as by the General Term, no appeal lies to this court. As this relief must be first obtained before the question as to costs arises, the decision of the motion does not determine the right to costs, and make the order appealable, within the cases cited. (See *Sturgis* v. *Spofford*, 58 N. Y., 103; *Tilton* v. *Beecher*, 59 id., 176; *Russell* v. *Conn*, 20 id., 81.)

The appeal should be dismissed, with costs and disbursements.

All concur.

Appeal dismissed.