Hawes, J.
In the case of Eagan v. Moore (2 Civ. Pro. R. 300), it was held that the court had the power Under section 724 to allow an amendment, by supplying the affidavit of the attorney, that he was authorized to make the offer which was omitted by the attorney after the judgment, in McFarren v. St. John (14 Hun, 387) and in Riggs v. Waydell (17 Hun, 515), the contrary was held, and it was ruled that it was not an irregularity but a matter of substance.' The latter case was affirmed at the general term and by the court of appeals, although the precise point was not necessarily passed upon in the appellate court.
In my opinion, the view expressed in Riggs v. Waydell must be followed. It is true that section 724 is very broad in its language, and almost everything can be amended, but if the amendment proposed is a matter of substance no power of amendment exists, for the order was a nullity. Moreover, a just construction must be given to section 724, and where an amendment virtually creates a new proceeding, it is not within the intent or spirit of the section. Judicial power, like judicial discretion, is never arbitrary, and whatever may be the language used- in granting it, it is circumscribed by the character of the circumstances which call for its application. The right to make an offer of judgment is purely statutory, and if the statute in that respect is not complied with, the opposing counsel has an undoubted right to rely upon its insufficiency, or he might have accepted if he had supposed that the court could give it life after the rendition of judgment. An estoppel is virtually created against the party who makes the offer, as he has clearly misled his adversary. But aside from all other questions, I do not think that section 724 is broad enough, under a just interpretation, to confer. power of amendment upon the court.
Clerk’s taxation affirmed.