# City Court.

*Trial Term—June,* 1885.

## BROWN *against* NICHOLS.

The rule as to sufficiency of offers, stated. Verification and omission, effect of. Counter-claim, effect of. How the question of interest is regulated in determining the sufficiency of the offer.

McADAM, Ch. J.—An unverified offer to allow judgment, signed by the defendant's attorney, is a nullity, and the plaintiff waives nothing by retaining it and proceeding in the action (*Code,* § 740 ; 14 *Hun,* 387 ; 78 *N. Y.* 586 ; 17 *Hun,* 515 ; 56 *How. Pr.* 247). The offer is not amendable (14 *Abb. N. C.* 96), nor is it in any case effectual unless served at least ten days before the action is reached for trial (2 *Abb. N. C.* 90 ; 10 *Hun,* 1:1 ; 7 *How. Pr.* 161). If, after making the offer, the defendant pleads a counter-claim which is proved and allowed on the trial, its amount will be considered as part of the plaintiff's recovery for the purpose of determining the question of costs, because the law will not permit the defendant, by pleading a counter-claim, after making the offer to change the status of the parties as fixed at the time the offer was served (36 *N. Y.* 75) ; but if the counter-claim be pleaded at the time of or after the service of the offer, so that the plaintiff is sufficiently informed of it, the rule is otherwise, and the plaintiff must accept or reject the offer at his peril, or be concluded as to costs by the amount of the verdict (63 *N. Y.* 261).

Independently of the question of counter-claim, if the damages claimed are not in their nature unliquidated, the court, in determining whether the recovery is more favorable than the offer, must reject the interest which accrued

between the time of the offer and the rendition of the judgment; that is, in all cases wherein the recovery is made up of principal and interest (26 *How. Pr.* 398; 47 *N. Y.* 1); but this rule does not extend to actions wherein unliquidated damages are recovered, for in such cases interest cannot be added to the offer made, for the purpose of depriving the plaintiff of costs (57 *N. Y.* 652).

Applying these rules to the case at bar, it is clear that the plaintiff and not the defendant, is entitled to costs.

### Effect of offer where Complaint Amended.

In WOLFFLE v. SCHMEUZER (*City Court, Special Term, March* 15, 1887), it appeared that the complaint contained three counts, aggregating about $450. Defendant offered judgment for $130 with costs, and with the offer served an answer pleading nonjoinder as to two of the counts and taking issue on the third. The plaintiff amended his complaint by leaving the two counts out and claiming judgment on the third alone for $150. On the trial, he had a judgment for $105. Both sides claimed costs. The clerk taxed the bill presented by plaintiff, and defendant appealed. The following decision was made.

HALL, J.—The offer of judgment was properly served, and has never been withdrawn, and the judgment recovered by plaintiff is less favorable than the offer. There has been no amendment to the pleadings which could possibly affect the offer of judgment. The defendant, in his answer to the original complaint, claimed that if he was individually liable at all, it was only upon the first cause of action, and it was in respect to this that the offer was made; but if it had been accepted at the time it was made, it would have extinguished the counter-claim so far as defendant was concerned, although the joint counter-claim could not properly be pleaded by him individually. The amended answer did not set up any counter-claim nor any new defense which could in any manner interfere with the offer, and plaintiff has always been a position to accept the offer if he chose.

The taxation of the clerk will be reversed, and the plaintiff's costs taxed only up to the time of the offer, and the defendant's costs will be taxed from that time.