Angle, J.
An objection is made to the motion of the creditors, that they are strangers to the judgment and cannot be heard to question it for want of an affidavit showing authority to accept the offer of judgment. Their counsel claims such right under Bates agt. Plonsky (28 Hun, 112), in which it was held that where personal property has been levied on under an attachment, the attaching creditor may maintain an action to have a prior assignment executed by the debtor, and an execution issued upon a judgment confessed by him, declared fraudulent and void, and to have the priority of the lien acquired by him under the attachment established. There are at least two features that distinguish the matter under consideration from that case: 1st. In that case the attachment had been levied; in the present case the papers show only that the attachment had been issued to the sheriff who *362 had already a levy on the property under plaintiff’s execution, if a sheriff makes a levy upon goods on one execution and afterwards a second execution comes to his hands the levy is sufficient for both (Ryder agt. Gilbert, 16 Hun, 165), and cases cited. But I am not aware that it has ever been held that a levy on goods on an execution is sufficient levy under an attachment which afterwards comes to the hands of ihe same sheriff. The Code (sec. 649), prescribes how a levy under a warrant of attachment must be made. It does not appear to have been complied with here. It seems quite clear to me that the creditors cannot, without a levy under their attachment, maintain their motion. 2d. There is an obvious distinction between an action by an attaching creditor to set aside a prior confessed judgment because intended to hinder, delay or defraud creditors, and a motion by such creditors, to set aside the judgment for want of conformity in the practice to a provision of the Code. The consideration of this distinction involves the plaintiff’s motion to amend. “ Defects and irregularities not affecting the jurisdiction of the court and where no fraud or collusion is imputed to the parties, the remedy for such defects is given to the party alone (Gere agt. Gundlach, 57 Barb., 15 ; Rouf agt. Meyer, 2 How. [N. S.], 20), and thus we come to the question whether this defect is jurisdictional. In McFarren agt. St. John (14 Hun, 387), where defendant moved to set aside an adjustment of plaintiff’s costs, and that defendant be allowed costs, the defendant had made an offer of judgment, but had not annexed to it the affidavit required by section 740. The plaintiff’s attorney paid no attention to the offer, and the court sustained him, saying, in substance, that the offer was a nullity, because not verified; that retaining the offer did not waive the defect; that plaintiff ■could not enter judgment upon the offer; and the concluding part of the opinion is : “ The provision of section 740 of the Code of Civil Procedure, requiring that when an offer or acceptance is subscribed by an attorney he shall annex to it his affidavit, to the effect that he is authorized to make it on *363 behalf of the party, is new, and was obviously regarded by the legislature as material to the rights of both parties. So-far as the party in whose behalf it is made is concerned, the opposite party can waive nothing for him. In short, unless the offer when subscribed by the attorney is verified according to the statute, it cannot have the effect' to set the party in motion on whom it is served. He is not required to notice it in any manner. He need not return it, and he waived nothing by retaining it. The defect is not a mere irregularity, but is a matter of substance.” I have made these quotations to show that the court was only considering a question as between the parties to the judgment, which was all that was before them.' The case of Riggs agt. Weydell (17 Hun, 515), differed from McFarren agt. St. John, in the fact that the plaintiff declined to accept the offer but gave no reason therefor. Hpon the trial the plaintiff recovered less than the offer and then defendant moved to be allowed to amend the offer by annexing an affidavit. In denying the motion at special term the court said: “ If the defendant desired the benefit of the statute they were bound to do just what the statute pointed out. To talk of amending is to misconceive the office of amendment; besides, that would be to make now for the first time a good offer,” and this opinion was approved at general term. This case was affirmed (78 N. Y., 586), the court saying: “We concur with the special and general term, that the offer to allow judgment to be taken was imperfect because not in conformity with the Code, and that there was no waiver of the defect by the notice served by the plaintiff’s attorney upon the defendant’s attorney, or in any other manner. We are also of the opinion that if the case was one in which courts were authorized to allow the defendant to serve the affidavit nuno pro tuno, it was matter of discretion with the special term and having been once refused there, as well as by the general term, no appeal lies to this court.” It will be observed that the court of appeals are more guarded than the general terms in 14 Hun and 17 Hun (supra), that *364 court characterizing the oiler as “ imperfect.” The next case cited for the creditors is p Werbolowsky agt. Greenwich Insurance Company ( 5 Civ. Pro. R. 503), where the city court of New York deny the power of the court to allow an amendment hy supplying an affidavit to an offer, and the above cases in 14 Hun and 17 Hun, are cited as denying the power. I do not read those cases as denying the power. In Eagan agt. Moore (2 Civ. Pro. R., 300), the New York common pleas held at special term that the court had such power. In all these cases the question arose between the parties to the judgment, and they are all the cases arising under section 740 that have come within my examination.
The provision of the Code with regard to offers and their acceptance are no more statutory or matters of substance than the verification of the complaint for certain purposes, and yet after judgment a plaintiff was allowed to amend nune pro tunc by filing an affidavit’of verification (Jones agt. U. S. Slate Co., 16 How., 129); nor than an affidavit of default, and yet, an irregularity in assessing damages without such affidavit is a question of practice and not reviewable in the court of appeals (Catlin agt. Billings, 16 N. Y., 622); nor than the provisions relating to the confession of judgments. Indeed the court in McFarren agt. St. John, say: “ In short, the same reasons exist in respect to an offer as in case of a confession of judgment, for holding that all the substantial requirements of the statute have been complied with.” The case of Mitchel agt. Van Buren (27 N. Y., 300), is then in point and should receive more than a passing notice. It was a motion by a subsequent judgment creditor to set aside a prior confession of judgment, and on that motion the court permitted an amendment to support the judgment by signing and verifying a new statement stating the facts more specifically. The reasoning'of Denio, G. J., after showing that the court had the same power of amendment over confessed judgments as over any of their records, proceeds to state the provisions of section 173 of the Oode of *365 Procedure (Code of Civ. Pro., sec. 723) and says: “ This is very broad language, and plainly embraces a case like the present where.it was shown that the proceeding was in good faith and the intention of the parties was to create valid judgments for debts actually due to the amount stated in the judgment.” “ It is a jurisdiction of the same kind with that which it (the supreme court) exercises in relieving against defaults and slips in practice.” This case was followed in Cook agt. Whipple (55 N. Y., 166).
In Fawcett agt. Vary (59 N. Y., 597), where the affidavit that no answer or demurrer had been served and which had been filed with the clerk for the purpose of perfecting judgment by default, had been properly sworn to before the proper officer who had neglected to sign the jurat, and the omission had not been discovered until after the judgment, the court held it had power and it was within its discretion to permit the officer to sign nunc pro tunc.
In Lawton agt. Kiel (51 Barb., 30), a warrant of attachment had been issued upon an affidavit sworn to before a commissioner in another state, but no certificate of the secretray of state had been obtained as required by the statute, and .the court at general term held that an objection for that cause was not fatal — that the omission might be amended and supplied. The special term va Willlamson agt. Williamson (64 How., 450) held that such an omission of the certificate of the secretary of state to an affidavit verifying a complaint upon which an order for the publication of summons was granted, the court never acquired any jurisdiction, but it does not appear in that case that there was any application to supply the defect (See, also, to same effect, Phelps agt. Phelps, 6 Civ. Pro. R., 117, at special term).
Without further examination, I conclude by holding that Mitchel agt. Van Buren is sufficient authority for the power of amendment invoked by the plaintiff, and that, as it appears that the omission to annex the proper affidavit to the acceptance was an inadvertence of the attorney, and that the *366 authority to accept actually existed, therefore the amendment asked by the plaintiff should be granted.
Motion of creditors denied and motion of plaintiff granted, without costs to either party.