JOSEPH LESLIE, RESPONDENT, *v.* EMMA WALRATH AND
CHARITY B. STRONG, APPELLANTS.

*Offer of judgment* — *Code of Civil Procedure,* § 378 — *ineffectual unless it complies
with the statute in all substantial respects.*

In this action, brought to recover the sum of $275, with interest thereon from
September 4, 1884, besides costs, the defendants, after interposing an answer
setting up a counter-claim, served an offer of judgment for the sum of $150,
with costs to date.

*Held,* that the offer was ineffectual to prevent the plaintiff from recovering costs,
although the verdict obtained by him was for only the sum of $112.50, as it did
not comply with section 738 of the Code of Civil Procedure, requiring that the
offer be to allow judgment "for a sum or property, or to the effect therein
specified, with costs," in that it subjected the plaintiff to the costs of entering
judgment upon it, and of issuing the execution and entering the satisfaction.

APPEAL from an order of the Chautauqua County Court denying
the defendants' motion for a retaxation of costs

*Lockwood & Shaw,* for the appellants.

*Holt & Hull,* for the respondent.

SMITH, P. J. :

Action on a promissory note. The plaintiff claimed to recover
the sum of $275 with interest from the 4th of September, 1884,
besides costs. The defendants set up a counter-claim, and before
trial served an offer of judgment "for the sum of one hundred and
fifty dollars, with costs to date." The offer was dated. It was not
accepted, a trial was had, and the plaintiff obtained a verdict for
the sum of $112.50.

The plaintiff's counsel contends that the offer was ineffectual by
reason of the limitation imposed by it in respect to costs, its effect
being, if accepted, to subject the plaintiff to the costs of entering
judgment upon the offer, and of execution and entering satisfaction.
We think he is right in that contention. The statute author-
izing the offer provides that it shall allow judgment, "for a sum,
or property, or to the effect therein specified, with costs." (Code
of Civil Pro., § 738.) The party making the offer frames it to suit
himself. If it does not comply with the statute, in all substantial

respects, it is a nullity, and it may be treated as such by the party served with it. (*McFarren* v. *St. John*, 14 Hun, 387 ; *Riggs* v. *Waydell*, 78 N. Y., 586.) If the party served with a valid offer accepts it, he is entitled to enter judgment upon it, and to tax the costs of the entry upon the party making the offer. But the offer in this case was so framed, as that the plaintiff, if he had accepted it, could have taxed no costs accruing subsequently to the date of the offer. He would have been limited by the terms of the offer.

The appellants' counsel suggest that the words "to date" mean the date of the judgment to be entered on the offer. We do not think they are fairly susceptible of the construction. It makes them superfluous and meaningless. But the case is not one for judicial interpretation. The offer should be specific and certain in all material respects.

It is also suggested by the appellants' counsel that the word "costs" used in the offer does not include disbursements. We think otherwise. The word "costs" is to be regarded as used in the same sense in the offer as in the section of the Code which authorizes an offer; and there it evidently includes disbursements.

The order should be affirmed, with ten dollars costs and disbursements.

Haight and Bradley, JJ., concurred.

Order affirmed with ten dollars costs and disbursements.