Smith, P. J.
The following facts appear by the stipulation of the parties: Judgment was rendered in a justice’s court in the city of Buffalo, sixteenth November, 1878, in favor of the plaintiff against the defendants, for $200 damages and $5.28 costs. The complaint in the justice’s court alleged that defendants were indebted to plaintiff for whiskey barrels sold to, and cash paid for, defendants, and de *464 manded judgment for $200. The answer was a denial only, The defendants appealed from the judgment to the superior court, for a new trial, alleging certain grounds of appeal, and stating that the judgment should have been more favorable to defendants, in that it should have been in favor of plaintiff for thirty dollars instead of $200. On tenth December, 1878, an offer to modify the judgment so as to reduce the recovery to $150, was made by the plaintiff, but it was not accepted. February 14, 1879, the appellants obtained an order in the superior court, giving them leave to amend their answer, and they accordingly served an amended answer, which set up (in addition to the answer in the .justice’s court), payment of $100 and upwards; and counter-claims amounting to $380.95, and demanded judgment against plaintiff for $450, besides costs. A reply was served to the counter-claim, and the cause was referred for trial. The referee reported that defendants were indebted to plaintiff in the sum of $562, and that under their amended answer they established counter-claims amounting to $459.69, which, deducted from plaintiff’s claim, left a balance due plaintiff of $102.31, which with interest upon it to date of report, amounted to $105.20. By the judgment in the superior court, the counter-claims of the defendants set up in their amended answer to the amount of $459.69 were satisfied and cancelled, and a recovery for $105.20 in addition was had by the plaintiff. Judgment was entered nineteenth May, 1886, on the report, for $105.20, with interest from date of report, $44.85, making $150.05, besides costs.
Upon these facts, we think the plaintiff is entitled to costs, for the reason that the counter-claims extinguished, and the sum reported in his favor, exceed in amount not only the sum which he offered to accept in satisfaction of the judgment, but also his recovery in the justice’s court. Code, § 3070; Tompkins v. Ives, 36 N. Y., 75, and cases there cited by Foster, J. The appellants’ counsel contends that the counter-claims should not be taken into the account, they having been extinguished, as he claims, by the justice’s judgment.
In that he is mistaken. Section 2947 of the Code cited by him does not apply, for the reason that the amount of the counter-claims is $200 more than the judgment recovered before the justice. Code, § 2948, subd. 1. It follows that so far as the order appealed from denies costs to the defendants and holds that the plaintiff is entitled to costs it is right.
But in allowing to the plaintiff as his costs and disbursements, the sum of $70.25 at which they were taxed by the clerk, ex parte, the order is erroneous. Instead of doing that, it should have set aside the taxation of the clerk and sent the matter back to him with a direction to re-tax the plaintiffs costs on notice. The defendants have not been *465 heard before the taxing officer upon the items of the bill. The costs were first taxed ex parte, entered in the judgment and notice of re-taxation was then served. Defendants appeared and insisted that the plaintiff was not entitled to costs, but that the clerk should tax costs in favor of the defendants, and they presented their bill for that purpose. The clerk ruled accordingly and taxed defendants costs, and consequently there was no hearing upon the items of the plaintiffs bill, and no occasion to call them in question.
The order appealed from should be modified in accordance with these views, and, as so modified, affirmed, without costs of this appeal to either party.
Haight and Bradley, JJ., concur.