FLYNN *v.* WESTMAYER.

*(Superior Court of New York City.* June, 1888.)

1. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.

A complaint for damages for breach of contract may be amended to conform to the evidence, so as to claim only for the reasonable value of materials furnished and services performed up to the time that work under the contract ceased. Such items being a part of the claim for damages, and included as such in the bill of particulars, the amendment is not an abandonment of the original cause of action, and the substitution of a new one, and hence Code Civil Proc. N. Y. § 541, relating to a failure of proof, does not apply.

2. SAME—CONDITIONS—OFFER OF JUDGMENT NUNC PRO TUNC.

But, as a condition of such amendment, plaintiff may be required to permit defendant to serve *nunc pro tunc,* binding upon plaintiff, if accepted as of the date of the original service, an offer of judgment which was technically defective as originally served.

3. SAME—INCREASE OF AMOUNT.

Defendant cannot, however, be allowed to increase the amount of the original offer of judgment, on the ground that plaintiff has proved some items not included in the specifications to which the complaint refers, where such items were included in a bill of particulars served before the original offer of judgment.

Trial before a referee.

Action for breach of a contract by which plaintiff agreed to do all the plumbing work, and furnish all the necessary materials therefor, of certain buildings in process of erection by defendant. Plaintiff was to receive a specified amount for the entire contract. When plaintiff's work under the contract was partly performed, its completion was prevented and rendered impossible by the legal action of the board of health of New York city. Plaintiff's complaint set out the contract, and its partial performance, and alleged further: "(2) That thereupon plaintiff entered upon said work, and did purchase material to complete the same, but that thereafter, and on or about the 1st day of October, 1887, the plans and specifications theretofore made, and in accordance with which plaintiff had agreed to perform said work, were so altered and changed as to render their performance by plaintiff an impossibility; (3) that plaintiff was always ready and willing to perform such work according to said plans and specifications, and in accordance with the terms of said agreement; (4) that, in pursuance to said agreement, the plaintiff did perform work, labor, and services, and furnish materials in and about said buildings, and did suffer damage by reason of the breach of said contract or agreement on the part of the defendant, to his damage one thousand dollars. Wherefore plaintiff demands judgment against the defendant for the sum of one thousand dollars, besides the costs of this action." The answer contained a general denial, and alleged in addition that "the contract mentioned and referred to in the first paragraph of the complaint herein was canceled and vitiated, by and with the consent of the plaintiff in this action, and prior to the execution or carrying out of said contract by plaintiff." A bill of particulars was served, including items given as the reasonable value of all articles furnished and used, and all labor performed by plaintiff up to the time when the work was stopped. On the trial plaintiff proved the actual value of materials furnished and labor performed on the buildings, and rested. Defendant then moved to dismiss on the following grounds: "*First.* That the complaint does not set forth any cause of action. *Second.* That, if the complaint sets forth any cause, it is for damages sustained by the plaintiff by reason of the prevention by the defendant of performance of the contract set forth in the complaint, which the evidence shows that the plaintiff was not prevented from performing by the defendant. In other words, that it is not shown that there was any breach of the contract on the part of the defendant. *Third.* That the allegations of the complaint do not admit of a recovery on a *quantum meruit* for the work done, on the ground that the contract became

impossible of performance for some reason, for which neither party was responsible. *Fourth.* That no cause of action whatever has been proven against the defendant." Plaintiff thereupon moved to amend his complaint so as to conform to the evidence, and that the action be for a *quantum meruit* for the work done and materials furnished. The amendment was opposed on the ground that it would change the cause of action from one for damages for breach of express contract to one upon *quantum meruit.* Defendant further insisted that motion to amend should be granted, if at all, only on condition that defendant be allowed to amend an offer of judgment previously served, and which was irregular in form.

*August Kohn,* for plaintiff.    *Francis B. Chedsey,* for defendant.

LARREMORE, Referee.   The motion to amend the complaint to conform it with the proof will be granted, on the authority of *Steam-Ship Co.* v. *Otis,* 27 Hun, 452, and cases there cited.   The following language from the opinion is applicable here: "The learned referee seems to have regarded the amendment as such an entire change of the action as is prohibited by law, and to have refused to allow it to be made on the ground of a want of power.   We entertain no doubt of the power.   \* \* \*   He said the amendment changed the action from one for money had and received to an action for work, labor, and service performed by the defendant at its request.   This is true, but it is a matter of form only.   The amendment does not substantially change the claim.   The claim is the same, whether it is urged against the defendant as an agent, or for services rendered in both aspects, arising, as it does, under the same contract which forms the basis of the claim that such contract was obtained by the defendant on behalf of the plaintiff, as its agent.   It rests upon the evidence which was given, and can be formulated out of it."   In the case at bar, the proposed amendment will nominally change the action from one for damages for breach of contract to one upon a *quantum meruit.*   Still, as in the cited case, the change is matter of form only.   The amendment does not substantially change the claim.   It only reduces it.   The items for the value of materials furnished and services performed constituted part of plaintiff's claim for the alleged damages, and were, as such, included in the bill of particulars.   For this reason, section 541 of the Code[1] does not apply.   Plaintiff has not failed to prove the allegations of the complaint in their entire scope and meaning.   He is not now abandoning his former claim, and substituting a new one for it.   He is simply limiting his demand to a portion of the original amount, and substituting, not a new basis of facts, but a different legal theory upon which he is entitled to recover it.   There cannot be any pretense of surprise, because ever since the bill of particulars was served, defendant has been aware that plaintiff intended to found a part of his claim on these items.   The question is a close one, and perhaps it would be impossible to harmonize all the decisions in which courts have attempted to define and limit the scope of sections 539 and 723 of the Code.   But in my opinion the present case comes clearly within the principle of *Steam-Ship Co.* v. *Otis, supra,* and certainly that case furnished a salutary and equitable rule to apply upon this application.   The case of *Button* v. *Tow-Boat Line,* 40 Hun, 422, is apparently in conflict with the case above cited, but both of them being decisions of the general term of the supreme court, even if they were irreconcilable, we would be privileged to choose between them for a precedent.   But I think these cases are distinguishable in principle.   In *Button* v. *Tow-Boat Line* the action was for damages for negligence, and it was held that the complaint could not be amended so as to allow a recovery upon proof establishing dam-

---

[1] Sec. 541. *What to be deemed a failure of proof.* Where, however, the allegation to which the proof is directed, is unproved, not in some particular or particulars only, but in its entire scope and meaning, it is not a case of variance, \* \* \* but a failure of proof.

ages caused by breach of a contract. The attempt there in reality (though the point is not expressly made in the opinion) was to change the action from one in tort to one for breach of contract. Therein it differed from *Steam-Ship Co.* v. *Otis, supra,* and from the case at bar, where the change is from one form of action on contract to another. But, while the motion to dismiss the complaint will be denied, and the motion to amend it will be granted, this will be only on terms. The terms asked for by defendant are somewhat novel, but I think the condition proposed a just one in the present case, and that it is in the power of the referee to grant it in substance, if not in the precise form suggested. *Smith* v. *Rathbun,* 75 N. Y. 122.

It seems that on February 17, 1888, a paper purporting to be an offer to allow judgment against her for $150, with costs to that date, was served by defendant, and it is contended that this offer did not comply with the technical requirements of the Code. Defendant asks that this instrument be amended *nunc pro tunc,* in such manner that it shall be binding upon plaintiff as of the date of its service. It has been a mooted point as to whether it is within the power of the court to amend an offer of judgment; but I think the better opinion is that the power does not exist. See *Werbolvwsky* v. *Insurance Co.,* 14 Abb. N. C. 96, and cases there cited. Nevertheless, I consider it within the referee's power to require, as a condition for granting the motion to amend the complaint, that the plaintiff accept and admit due service as of the date of February 17, 1888, of an offer of judgment, regular in form, and in all substantial respects similar to the irregular one heretofore served. If counsel for defendant wishes anything further in the way of security by stipulation or agreement on plaintiff's part, or otherwise, that such offer of judgment shall be as valid and binding as if perfect in form, and legally served on February 17, 1888, I will hear any suggestion to be offered on that point. If plaintiff does not accept such offer of judgment, the action will proceed in the regular manner, the payment of costs to be determined by the final result, as if the document had originally conformed to the statute. If plaintiff accepts such offer of judgment, and the action ends at this stage, he must be required to pay all costs which have accrued since February 17, 1888. There can be no actual hardship or injustice in requiring such payment of costs by plaintiff if he elects to accept the offer now, as he might have settled the action at that figure then, if he had so desired; for the paper of February 17th was at least a proposition to compromise, if not a technically sufficient offer of judgment. It is necessary to make this provision for the payment of costs accruing after February 17th, because plaintiff was privileged to ignore the paper then served as a nullity, and will not be put to his election under section 738 of the Code until the service upon him of an offer of judgment in the statutory form; and, if nothing was said upon the subject, the question might arise whether he would not be authorized now to accept the offer, under the last-named section, and enter judgment in his favor without any provision being made for such subsequently accrued costs. "If the plaintiff accepted the offer, he would be entitled to judgment for the amount of the offer, with costs up to that time, and the trial and subsequent proceedings would go for nothing." Per DAVIS, P. J., *Riggs* v. *Waydell,* 17 Hun, 515. Defendant further asks, however, that she be allowed to increase the amount of the offer of judgment over the sum named in the original paper of February 17th, on the ground that plaintiff has proved on the trial some items not included in the specifications, to which the complaint refers. But such items were set forth in the bill of particulars, and this was served long before the service of the irregular offer of judgment. I can therefore see no equitable reason why this additional application by defendant should be granted. The situation is simply this: Plaintiff asks that a serious technical defect in his case be cured by amendment, and this prayer is granted on condition that defendant be saved from the consequences of a serious technical error on her part,

the purpose being to conserve the original intentions of both parties, so far as the merits of the case and all substantial matters of controversy are concerned.