### PERINE v. WIGGINS *et al.*

(*Supreme Court, Special Term, New York County.* March 24, 1890.)

COSTS—TRIAL FEE—OFFER OF JUDGMENT.

> Code Civil Proc. N. Y. § 738, provides that defendant may before trial serve a written offer of judgment on plaintiff's attorney, which plaintiff may accept, and enter judgment within 10 days thereafter. Section 740 provides that, unless the offer of judgment is signed by the party making it, his attorney must annex his affidavit that he is duly authorized to make it in behalf of the party. After a cause had been noticed for trial, and less than 10 days before it was reached, defendant's attorney served a notice that he withdrew the answer, but the affidavit required by section 740 was not annexed thereto. *Held*, that such notice was not sufficient as an offer of judgment, and plaintiff, having taken an inquest on defendant's failure to appear, was entitled to tax a trial fee in his bill of costs.

At chambers. Action by Mary E. Perine against Charles B. Hall as drawer, and Edwin R. Wiggins as indorser, of a draft. Defendant Wiggins alone answered, and issue was joined thereon. After the cause had been noticed for trial, the attorney for the answering defendant served a notice on plaintiff that he withdrew his answer. Afterwards, on the day on which the cause was noticed for trial, defendants failed to appear, and an inquest was had against them. The clerk struck out of plaintiff's bill of costs the items of $30 for the trial fee on an issue of fact, and $1 for the clerk's trial fee. Plaintiff now moves for a retaxation. The sections of the Code of Civil Procedure cited in the opinion are as follows:

"Sec. 738. The defendant may, before the trial, serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him for a sum or property, or to the effect, therein specified, with costs. If there are two or more defendants, and the action can be severed, a like offer may be made by one or more defendants, against whom a separate judgment may be taken. If the plaintiff, within ten days thereafter, serves upon the defendant's attorney a written notice that he accepts the offer, he may file the summons, complaint, and offer, with proof of acceptance, and thereupon the clerk must enter judgment accordingly. If notice of acceptance is not thus given, the offer cannot be given in evidence upon the trial; but, if the plaintiff fails to obtain a more favorable judgment, he cannot recover costs from the time of the offer, but must pay costs from that time." "Sec. 740. Unless an offer or an acceptance, made as prescribed in either of the last four sections, is subscribed by the party making it, his attorney must subscribe it, and annex thereto his affidavit to the effect that he is duly authorized to make it in behalf of the party."

*Wilder, Wilder & Lynch,* ( *William J. Lynch,* of counsel,) for plaintiff. *Stanley, Clarke & Smith,* for defendant Wiggins.

ANDREWS, J. The notice cannot be regarded as sufficient offer of judgment under section 738 of the Code, for the reason that no affidavit was annexed, as required by section 740. *Riggs* v. *Waydell,* 78 N. Y. 586. Besides, it was of no avail as such an offer, because not made more than 10 days before the trial. *Herman* v. *Lyons,* 10 Hun, 111. There does not appear to be any provision of the Code authorizing the withdrawal of an answer except in connection with an offer of judgment. Under section 740 I think the trial fee of $30 and the clerk's trial fee of $1 should have been allowed by the clerk. Motion granted, without costs.