### SMITH v. SHELDON.

(Supreme Court, Appellate Division, Third Department. May 4, 1904.)

1. COMPROMISE AND SETTLEMENT—OFFERS—EFFECT ON COSTS—DETERMINATION.

In determining the effect, on liability for costs, of an offer to compromise, the condition of the pleadings at the time the offer is served must be considered.

2. SAME—MORE FAVORABLE JUDGMENT.

Plaintiff, who had worked a farm of defendant on snares, sued defendant for a balance on account for produce raised on the farm and sold by defendant, for money laid out and expended by plaintiff for defendant, for plaintiff's share in the crops and produce, and for plaintiff's interest in live stock on the farm. In her counterclaim, defendant alleged an indebtedness of plaintiff on account of goods sold by defendant to plaintiff, and offered, in support of her counterclaim, proof that she had sold five cords of wood to plaintiff for the sum of $25. Before filing her counterclaim, defendant offered to allow judgment to be taken against her for $130, with costs, but plaintiff declined the offer. Judgment was rendered for plaintiff in the sum of $129.03. *Held,* that as the proof in support of the counterclaim was of a contract distinct from that set up in the complaint, and as plaintiff's liability on such contract would not have been affected by a judgment on the complaint, had the counterclaim not been interposed, and as the judgment operated to extinguish the counterclaim, it was more favorable to plaintiff than the offer of judgment, and he was entitled to his costs.

Appeal from Columbia County Court.

Action by William Smith against Alice Sheldon. From an order directing that the taxation of costs in favor of defendant be set aside, and that costs be retaxed in favor of plaintiff and against defendant, defendant appeals. Affirmed.

Plaintiff brought an action against the defendant in the county court, and in his complaint alleged that during the year beginning April 1, 1900, and ending on or about March 28, 1901, he worked a farm of the defendant upon shares, pursuant to an agreement in writing, and that the defendant is indebted to him for "a balance on account for produce raised on said farm during said term and sold by said defendant, the proceeds of which were received and retained by her; for money laid out and expended, and for materials furnished and purchased, by plaintiff for the defendant; for plaintiff's share or interest in crops and produce still undivided and in possession of the defendant; for plaintiff's interest or share in live stock maintained on said farm—amounting, in the aggregate, to the sum of three hundred ninety-nine $89/100$ dollars," as more fully appears by a schedule made a part of said complaint. The schedule states in detail the items for which the plaintiff claims that the defendant is indebted to him, and included therein, in addition to items of account expressly within the terms of said contract, are other items for extra work and materials furnished in connection with working said farm during said time, one item of which extends beyond said term, and to the 1st day of May, 1901. The defendant's answer is substantially a general denial, and as a counterclaim the defendant alleged "that the plaintiff is indebted to the defendant in the sum of one hundred dollars on the balance of an account for goods sold by

defendant to plaintiff and delivered, money and property belonging to defendant had and received by plaintiff, and for personal property belonging to defendant, used and enjoyed by plaintiff between the 1st day of April, 1898, and the 1st day of May, 1901, both inclusive." The answer demanded that the complaint be dismissed, and that the defendant have judgment against the plaintiff for $100. On the trial, evidence was given to sustain the plaintiff's cause of action, and also to sustain the defendant's counterclaim; and one of the items of the defendant's counterclaim, on which she offered proof, was five cords of standing wood sold and delivered to the plaintiff in 1899 for $25. The referee to whom the issues were referred found that the defendant was indebted to the plaintiff in the sum of $129.03, and directed judgment against the defendant therefor. After the plaintiff's complaint was served, but before the defendant's answer thereto was served, she served a written offer to allow judgment to be taken against her for the sum of $130, with costs. The offer of judgment was not accepted. After the decision of the referee was filed, the defendant taxed her costs, and claimed that the plaintiff had failed to recover a judgment more favorable to him than the offer. A motion was then made to set aside said taxation of costs in favor of the defendant, and to direct that costs be taxed in favor of the plaintiff against the defendant, which motion was granted, and from the order entered thereon this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

J. D. Bell, for appellant.
John M. McDonald (John L. Crandell, of counsel), for respondent.

CHASE, J. In determining the effect of an offer to compromise, the condition of the pleadings at the time the offer is served must be considered. Tompkins v. Ives, 36 N. Y. 75. The amount of the judgment rendered in favor of the plaintiff was 97 cents less than the offer of judgment. It is claimed by the plaintiff that, in addition to the money judgment recovered by him, he has also extinguished the defendant's counterclaim; and that therefore the judgment recovered upon the trial is more favorable to him than the offer. 15 Encyclopædia of Pleading & Practice, 56. The defendant contends that all the items of her counterclaim are so connected with the items of the plaintiff's complaint that, in determining the balance due the plaintiff, such items constituting her counterclaim could have been proven under a general denial, and that, had the plaintiff accepted her offer of judgment, such counterclaim would have been extinguished. The defendant is mistaken in her claim, at least to the extent of the item for wood claimed to have been sold by the defendant to the plaintiff about a year prior to the time when the written contract between the plaintiff and defendant was made, and prior to the transactions upon which the plaintiff's suit is based. Such item appears to arise from an independent contract. Claims or demands arising from distinct and independent contracts will sustain separate actions or counterclaims, and are not affected by actions between the same parties arising from other independent contracts or transactions. Secor v. Sturgis, 16 N. Y. 548.

We are of the opinion that the plaintiff obtained a more favorable judgment than that offered by the defendant. The order should be affirmed, with $10 costs and disbursements. All concur.