## LAMPY v. FREEDMAN.

### (Supreme Court, Appellate Term.   July 7, 1908.)

1. COURTS—MUNICIPAL COURT—APPEAL—EVIDENCE—REVIEW.
   A decision of a Municipal Court justice on the facts will not be disturbed on appeal, where it is supported by the evidence.

2. COSTS—RIGHT TO COSTS—SUIT IN FORMA PAUPERIS.
   In the absence of statute withdrawing the right to costs from litigants suing in forma pauperis, they are entitled to recover the usual costs.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 511, 512.]

3. COURTS—MUNICIPAL COURTS—SUIT IN FORMA PAUPERIS—ASSIGNMENT OF COUNSEL.
   Under Municipal Court Act, Laws 1902, p. 1505, c. 580, § 47, providing that the court may assign counsel for litigants suing in forma pauperis, the court is not obliged to assign counsel in such cases.

4. COSTS—SUITS IN FORMA PAUPERIS—DISTRIBUTION.
   Municipal Court Act, Laws 1902, p. 1506, c. 580, § 53, providing for distribution of costs awarded in favor of a person who prosecutes or defends as a poor .person, when collected, does not deprive such poor person of the right to recover costs, where no attorney has been assigned to prosecute or defend on her behalf.
   MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Leonora Lampy against Philip Freedman. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Levitt & Hetkin, for appellant.

Harrie C. Manheim, for respondent.

SEABURY, J.   The plaintiff sued for the value of a garment delivered to the defendant and which the defendant did not return. The plaintiff claimed that this garment was delivered between the 15th and the 22d days of February, 1908. The defendant claimed that the plaintiff delivered the garment to him on November 27, 1907, and that on December 5, 1907, his place of business was burglarized and the garment in question stolen. The plaintiff was corroborated by her husband and a disinterested witness. The defendant was not corroborated. The decision of the trial justice in favor of the plaintiff should not be disturbed.

The defendant also insists that that part of the judgment awarding costs to the plaintiff was unauthorized, and claims that, as the plaintiff sued in forma pauperis and counsel was not designated by the court, the taxation of costs in favor of the plaintiff was unauthorized. The right to costs, which is given to litigants by statute, is a substantial one (Sturgis et al. v. Spofford et al., 58 N. Y. 103), and in the absence of a statute withdrawing such rights from litigants suing in forma pauperis the usual costs are recoverable. 11 Cyc. 204. In a case of this character the court is not obliged to assign counsel, but under section 47 of the Municipal Court act (Laws 1902, p. 1505, c. 580), may do so. Section 53 of the Municipal Court act provides for the distribution of costs awarded in favor of a person who prosecutes

or defends as a poor person when collected; but this section does not deprive the poor person of the right to recover costs where no attorney has been assigned to prosecute or defend on her behalf.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). Section 53 of the Municipal Court act (Laws 1902, p. 1506, c. 580), prescribing that costs awarded a person allowed to sue in forma pauperis are to be distributed among the attorneys and counsel assigned to the poor person, implies that the poor person's action will be conducted, according to section 458, Code Civ. Proc., by an attorney and counsel assigned by the court, which properly enough should see payment made for the services of those whom it has called upon, if wherewithal there be therefor. The section, however, contains nothing warranting a person, specially permitted to escape all costs, public and private, against himself, to recover costs against others.