Sandford, J., (with the concurrence of the whole court.)
The plaintiff contends that the offer of Ohilson was nugatory, because not made by both of the defendants: That only one judgment can be entered in the action, and that must be against both defendants or against neither: And that section 385 of the code, provides only for an offer to be made by all the defendants jointly liable in the action.
The section, it is true, speaks of “ the defendant,” and the offer to be made is that judgment may be taken against “ him” and literally, this would require all the defendants, where there are more than one, to join in an offer to allow judgment against them. We were at first inclined to take this view of the provision, but further consideration has brought us to a different conclusion. The practice introduced by the section in question, is a very beneficial one, and ought to be liberally construed. In a case where all the defendants, save one, have suffered a default, and are no longer in a position to contest the claim, the defendant who alone appears and litigates, may well be regarded as “ the defendant,” for all the purposes of this section. And if he make an offer pursuant to its terms, to allow judgment to be taken against him for a sum not greater than that demanded in the *754 complaint, there is nothing to prevent the plaintiff from at once entering the judgment for that sum with his costs^ against all the defendants. He is entitled to it by the offer as against the defendant who has appeared, and by the default to answer, as against the others. If the offer be for a less amount than that claimed, he may relinquish the surplus as against the defaulting defendants. If really entitled to recover no more than the offer, (and it is only on this assumption that it is legally inferrible that he will accept it,) he will not be prejudiced by taking judgment for the amount; because although he has a default against the others, he never can recover judgment against them for more than he can substantiate against the litigating defendant who makes -the offer.
What we have said, of course applies only to actions on contracts which are joint and not joint and several, and were formerly designated legal actions. We have frequently held, that, in such cases, the plaintiffs can enter only a single judgment against all the defendants. Consequently, when the offer, under §. 385, is made by one of several defendants, it will be entirely unavailing, unless the cause is in such a situation in respect of the other defendants, that the plaintiff, on filing the offer, can immediately take a judgment against all for the amount, or to the effect specified.
The rule that we mean to declare, and which, we think, gives full scope to the beneficial provision of the code according to its evident intent, is this,—that when an offer is made by one or more defendants, under § 385, and the suit is so situated that the plaintiff, upon accepting it, may enter judgment to the effect offered, against all the parties jointly liable with those making the offer, the plaintiff must accept the offer, or proceed, at In's, peril, as to the future costs in the cause.
In this case, the plaintiff has failed to obtain as favorable a judgment as that offered, and he must pay to Chilson his costs of the suit from the time the offer was made.