JOHN KERBY, Respondent, *v.* KIERNAN B. DALY, Appellant.

(Submitted December 22, 1875; decided January 18, 1876.)

THIS action was brought to recover moneys alleged to have been paid by plaintiff as agent for defendant. Defendant pleaded a former suit in bar.

The plaintiff was employed to build a house and barn for defendant. The amount in question was paid by plaintiff to one Dugan for labor and materials furnished under a contract made with him by plaintiff. Plaintiff filed a mechanic's lien for all the work and materials furnished in said building, and commenced an action to foreclose the same, including the amount of Dugan's bill. He obtained judgment for the full amount, but upon appeal to the Court of Appeals the decision of that court was, that the judgment be affirmed if plaintiff stipulated to deduct a sum which corresponded with Dugan's claim. If he did not so stipulate, that it be reversed. (See 45 N. Y., 84.) Plaintiff filed the stipulation required. Upon the trial of this action plaintiff offered in evidence the opinion of the Court of Appeals showing that the amount deducted was the Dugan bill; the court holding that plaintiff could not, under the mechanic's lien law, include in his claim the claim for work and materials performed and furnished by Dugan; this was objected to and received under objection. *Held*, that the evidence was properly received; that the former suit was not a bar, as the claim upon which this action was brought was not embraced in the final judgment in the former action, and it having been excluded, plaintiff was at liberty to bring a new action. It appeared from the case that defendant paid Dugan $500, but it also

appeared that this was allowed defendant in the lien suit. *Held*, that as defendant did not claim therein that it should apply upon the Dugan contract, but assented to have it applied generally upon plaintiff's claim, he was not entitled to it in this action. Also, that as there was no finding of payment or request to find, the court would not regard the evidence upon that subject.

*Close & Robertson* for the appellant.

*J. O. Dykman* for the respondent.

ANDREWS, J., reads for affirmance.
All concur.
Judgment affirmed.