AMOS POTTER, Respondent, *v.* ABRAM F. GATES, Appellant.

*Supreme Court, Third Department, General Term, February* 24, 1890.

1. *Pleadings. Payment.*—A mere denial of the complaint does not permit proof of payment.

2. *Same. Failure to plead counterclaim.*—An omission to set up, in a former action, a counterclaim arising on an independent cause of action, does not preclude, nor is such former action a bar to, a subsequent suit thereon.

3. *Judgment. Offer of.*—An offer and acceptance of judgment before answer, have respect solely to the claims set up in the complaint.
See note at end of case.

4. *Appeal.*—The appellate court should not attempt to review findings of fact.

Appeal from a judgment entered upon the report of a referee.

The complaint contained two claims.

The first was for goods sold and delivered. The second, on a special contract by which defendant was to draw logs to plaintiff's mill, enough to make 100,000 feet of lumber, and to pay plaintiff $2 for sawing each 1,000 feet. And plaintiff alleged that defendant drew only enough to make about 40,000 feet, and had not paid for the sawing of these. The referee found, specifically, several matters of dealing between the parties. He found, substantially, that plaintiff had sawed for defendant 40,727 feet, and "stuck up" thereof 21,797 feet, for which defendant owed him $112.61. He also found the plaintiff had done sawing for defendant, amounting to $73.12, on which had been paid $10. He also found a sale of lumber to plaintiff amounting to $50.10, which plaintiff was entitled to offset against the preceding claims. He reported in plaintiff's favor $125.63. Defendant appeals.

*W. H. Andrews*, for appellant.

*Conger & Orwis* (*C. S. Conger*, of counsel), for respondent.

LEARNED, P. J.—The first point made by defendant is that the referee erred in excluding a question tending to show payment. The ground of the objection was that the answer did not contain any allegation of payment. There is no doubt as to the rule that payment must be pleaded, and evidence of payment cannot be given under a general denial. The case of Quin *v.* Lloyd, 41 N. Y. 349, is an exception, because the complaint was so drawn as to allege, not any definite amount for which defendant had become liable to plaintiff, but merely that a certain balance remained due after payments; and the court held that this opened the matter to proof of payments. That is not the present case. Each count avers facts showing that defendant had become indebted thereby in a certain amount to the plaintiff. The first avers an indebtedness of $300, and a payment of $10. The second avers damages by reason of the facts to $200. A mere denial of this complaint does not permit proof of payment.

The next point is that a certain judgment previously recovered by Gates against Potter should have been held to be a bar to this action. Gates sued Potter in February, 1887, in justice's court. The amount of the respective accounts was found to exceed $400, and the action was dismissed. Then in February, 1887, Gates sued Potter in the supreme court, on two causes of action,—one on contract, for wood sold; the other, principally for money paid, demanding $306.48. Potter made an offer to permit judgment for $125, which Gates accepted, and judgment was entered accordingly. The defendant's claim now is that the difference between his claim in that action, and the amount offered and accepted therein, really represented the plaintiff's present claim, and therefore that plaintiff is barred. But the plaintiff

was not bound to set up any counterclaim in that action which arose on an independent cause of action. His neglect to do so does not deprive him of his right of action thereon. Brown *v.* Gallaudet, 80 N. Y. 413. Therefore, that former action was not a bar. Nor can we assume that the offer and acceptance implied that the plaintiff's present claim was taken into account. The offer respected simply the complaint, and the cause of action therein set forth. No answer had been put in. If there had been an answer, probably, the offer and acceptance would have been a settlement of all matters contained both in the complaint and in the answer. Nor did the pleadings in the justice's court determine the question. Potter chose to offer a certain sum in payment of the claim of Gates, and Gates accepted it. The acceptance settled that claim; nothing more. It is true that a neglect to set up a defense to a cause of action concludes the defendant. But that is not true of a counterclaim arising on a distinct cause of action. To set that up is a privilege, not a duty.

The defendant urges that the referee erred in his findings of fact. Our right to review such errors is one to be rarely exercised. To a great extent, the referee is like a jury. It is not best that an appellate court should attempt to review findings of fact. As we have repeatedly said, the tribunal which sees and hears the witnesses generally reaches better conclusions than one in the power of an appellate court. There is conflicting evidence in this case. Both parties were witnesses. They had had a good deal of business with each other, not very large in amount, and perhaps not very carefully conducted. The defendant, for instance, claims that plaintiff made a contract with one Davis, who was to build a barn for defendant, and that defendant's only agreement was to pay if Davis did not. But that was disputed by the plaintiff and his witnesses, who claim that the contract was such that the defendant was the original debtor; and the referee found for the plaintiff. So there is a dispute of fact

as to the amount of lumber actually sawed under this agreement, and evidence is given as to the amount used in the barn. But the referee finds that Davis sold to defendant the residue of the logs and lumber therefrom. Altogether, we think this is a case in which the referee's findings of fact should not be disturbed.

We see no errors in the exclusion of evidence.

Judgment affirmed, with costs.

NOTE ON "DEFENDANT'S OFFER TO COMPROMISE" IN ORIGINAL ACTIONS IN COURTS OF RECORD.

The form and effect of an offer of judgment, prior to the enactment of the Code of Civil Procedure, were regulated by section 385 of the former Code, which differed but little from the provisions of sections 738 to 740 of the present Code, and will aid materially in their construction.

Sections 738, 740, of the present Code read as follows :

§ 738. The defendant may, before the trial, serve upon the plaintiff's attorney, a written offer, to allow judgment to be taken against him, for a sum, or property, or to the effect therein specified, with costs. If there are two or more defendants, and the action can be severed, a like offer may be made by one or more defendants, against whom a separate judgment may be taken. If the plaintiff, within ten days thereafter, serves upon the defendant's attorney a written notice that he accepts the offer, he may file the summons, complaint, and offer, with proof of acceptance, and thereupon the clerk must enter judgment accordingly. If notice of acceptance is not thus given, the offer cannot be given in evidence upon the trial; but if the plaintiff fails to obtain a more favorable judgment, he cannot recover costs from the time of the offer, but must pay costs from that time.

§ 740. Unless an offer or an acceptance, made as prescribed in either of the last four sections, is subscribed by the party making it, his attorney must subscribe it, and annex thereto his affidavit, to the effect, that he is duly authorized to make it, in behalf of the party.

· *How made.*—Two methods of obtaining judgments by the consent of defendants were provided by the old practice upon warrant of attorney, and upon *cognovit actionem.*

The entry of judgments upon *cognovit* is an ancient practice, and the Code has substituted a judgment upon offer to compromise for it. Beards *v.* Wheeler, 11 Hun, 539.

Note on " Defendant's Offer to Compromise."

There is much force in the argument that judgment upon offers to compromise was intended to afford a method whereby defendants, finding themselves without an available defense to the whole or some part of the claim, sought to be recovered by actions commenced without their concurrence, and with the intent on the part of the plaintiffs to reach a judgment by the usual processes incident to an action, might offer to compromise, and thereby save further costs. By using an offer to compromise, a judgment may be recovered upon the most general complaints, for money loaned, or goods sold, and without the support of an affidavit by any person. The inspection of such a judgment roll affords little information to an inquirer as to the good faith of the transaction. *Id.*

The offer of judgment must be in writing. It must be signed by, or in behalf of, the defendants to be bound by it and against whom judgment is to be taken, and can only be signed in one of three ways. (1.) By the defendants in person, each signing his own proper name. (2.) By an agent especially authorized to sign the same for them and in their name. Or (3.) By an attorney of the supreme court, whose authority to represent the parties will be presumed. Stark *v.* Stark, 2 How. N. S. 360.

*By copy.*—In Marks *v.* Epstein, 13 N. Y. C. P. 293, an action was brought to recover the sum of $500. The defendant appeared, and at the time of serving his answer, served upon the plaintiff's attorney a paper purporting to be a copy of an offer to allow judgment in favor of the plaintiff for $100 and costs, subscribed by the defendant and indorsed with the name and address of his attorney. The paper so served was returned by the plaintiff's attorney to the defendant's attorney. The action was tried and resulted in a verdict in favor of the plaintiff for a sum less than the amount of said offer, and the defendant thereupon taxed his bill of costs against the plaintiff's objection.

The language of § 738 of the Code is taken from § 385 of the former Code, under which the service of a copy of the offer to allow judgment was deemed sufficient. § 740 of the Code provides that, unless the offer is subscribed by the party making it, his attorney must subscribe it and annex thereto an affidavit to the effect that he is duly authorized to make it; but no affidavit is required from the party subscribing an offer, nor is any formal acknowledgment of execution necessary.

Where the offer served purports to have been subscribed by the defendant, the court must assume, in the absence of evidence to the contrary, that it was subscribed by his authority, and no formal proof of genuineness is required by the Code in the first instance.

Where a copy of the offer is subscribed by the defendant and indorsed with the name of his attorney, it is sufficient in form, and follows all

the statutory requirements. And if the defendant is required to serve the original, the plaintiff will waive the irregularities by not returning the copy served, with the objection particularly specified. Marks v. Epstein, *ante;* Snape v. Gilbert, 13 Hun, 494; Chemung Bank v. Judson, 10 How. 133; Broadway Bank v. Danforth, 7 Id. 264. Such defect in the service, if it is one, constitutes only a mere irregularity, and in this respect the case differs from that of Riggs v. Waydell, 78 N. Y. 586, where the offer itself, subscribed by the attorney, was regarded as a nullity, because not accompanied by an affidavit of authority. The affidavit of the attorney is by § 740 of the Code made an essential part of the offer, and its omission, in that case, left the offer without statutory support.

But in Marks v. Epstein, *ante,* the alleged defect consisted in serving the copy instead of the original. If such service is insufficient, the defect is purely technical, not substantial, and the plaintiff is bound to return the copy served, with the defect pointed out so that it may be remedied.

In Noonan v. Smith, 12 Abb. N. C. 337, a copy of the offer of judgment and of the attorney's affidavit of authority were delivered to, and left with, the plaintiff's attorney. At the same time, the plaintiff's attorney endorsed, upon the original offer and affidavit, his admission of "due service of a copy;" but he subsequently objected that a copy, and not the original, was served upon him, and that the offer was ineffectual on that account.

The question as to which party is entitled to costs depends upon the effect to be given to the service of the offer of judgment. If it was necessary to serve the original offer and affidavit, they were waived, and plaintiff cannot object that the service has not been properly made.

*When made.*—In Herman v. Lyons, 2 Abb. N. C. 90, it was held that an offer by defendant to allow a judgment to be taken against him, made within ten days before the cause is reached in its regular order on the calendar, can be treated as a nullity by the plaintiff, and he can proceed with his action and full costs will be allowed as though no offer had been made. The defendant cannot prevent the plaintiff from recovering the costs of trial, by serving an offer, within ten days before trial, to allow judgment for the full amount claimed, with costs. Such offer does not stay the plaintiff's proceedings, or impose any obligation upon him to act at once in reference to the offer. He owes no duty to the defendant under § 738 of the Code, and has in all such cases ten days to elect whether he will accept the offer or proceed to trial. And if the offer is served so late that the cause is reached and tried before the expiration of the ten days, the offer is

unavailable to the defendant. Herman v. Lyons, *ante;* 10 Hun, 111; Pomeroy v. Hulin, 7 How, 161; Walker v. Johnson, 8 Id. 240.

If the rule was otherwise, the service of an offer made when the cause was on the day calendar would prevent the plaintiff from proceeding to judgment and might compel him to lose the term.

In Perine v. Wiggins, 18 N. Y. C. P. 172, an action was brought upon a draft made by the defendant Hall, and indorsed by the defendant Wiggins. Hall defaulted in pleading, but Wiggins interposed an answer, upon which issue the cause was noticed for trial and placed upon the calendar. A motion was then made and granted to advance the case on the short cause calendar. Eight days before the day the cause was set down for trial, the attorneys for the defendant Wiggins served a notice withdrawing the answer, and, on the taxation of costs, claimed that, by reason of the service of the notice, the plaintiff was not entitled to tax costs after service thereof. But it was held that the notice can not be regarded as a sufficient offer of judgment under § 738, for the reason that no affidavit was annexed, as required by § 740 of the Code, Riggs v. Waydell, 78 N. Y. 586; and that it was of no avail as such an offer, because not made more than ten days before the trial. Herman v. Lyons, 10 Hun, 111.

*In what actions.*—In Bathgate v. Haskin, 63 N. Y. 261, an action was brought for the foreclosure of a mortgage, and the complaint demanded judgment against the defendants, personally, for any deficiency which might arise upon the sale of the mortgaged premises. The defendants answered by way of a counterclaim upon an account, and with their answer served an offer to allow judgment to be taken and entered for the sum of $2,404, with costs and for a foreclosure and sale, pursuant to § 385 of the former Code. The offer was not accepted. A judgment for $4,565.69 was obtained which was reduced by the general term; and upon appeal to the court of appeals, it was held that the court below erred in disallowing $5,45, with interest from 1862, being a part of defendants' counterclaim, and directed that the judgment be reversed and a new trial granted, unless the plantiff stipulated to reduce the amount by allowing such counterclaim. Upon such reduction, the plaintiff recovered less than the offer. And it was held that the provision of § 385 of the Code, which gives the defendant costs where plaintiff does not accept an offer of judgment, and fails to obtain a more favorable judgment, applies to foreclosure suits where a personal judgment against the obligor for any deficiency is asked.

In Stevens v. Veriane, 2 Lans. 90, it was held that the provisions of this section were not applicable to equitable actions and to an action for the foreclosure of a mortgage. The decision in this case was put upon the ground that the offer could not be properly proved before the

judge, and therefore it would be impossible to adjudge the right to costs in view of such offer, as well as because, by the terms of the section, it was intended to apply only to cases in which costs are given as of course to the party who moved in the action, as it provides that the offer shall be that the plaintiff may enter judgment with costs. § 385 is sufficiently broad to comprehend all cases both at law and in equity, and its object is to circumscribe and arrest litigation by preventing trials.

In a foreclosure action, where judgment is asked against the obligor for a deficiency, it is virtually an action on contract. Hunt *v.* Chapman, 51 N. Y. 555. In the case last cited, it was said that an action to foreclose a mortgage was in law and in fact an action for the recovery of the amount unpaid upon the bond. Such an action therefore is not purely an equitable action, but this point was not considered in reference to the personal judgment in Stevens *v.* Veriane, *ante.*

The statute is very general, and permits offers to be made in all actions arising on a contract, and the courts cannot engraft upon it an exception which the legislature has not seen fit to make. If for any reason an application to the court is necessary, after the defendant has given his consent to a judgment for all that the plaintiff has a right to demand, this fact will not take the case out of the statute, but the plaintiff can go to the court, ask and obtain upon the offer such final directions as shall be necessary to give effect to the offer and perfect a judgment thereon. This case differs from that of Bettis *v.* Goodwill, 32 How. 137, for there the offer was restricted and did not include the amounts which might thereafter become due and to which the plaintiff was entitled. But in Bathgate *v.* Haskins, *ante,* the offer was comprehensive and full enough to cover the whole amount.

Where the answer sufficiently states what the claim is so as to enable the plaintiff to determine whether he will accept the offer, it is not required that the defendant shall defer his offer until a bill of particulars is demanded and furnished, and thereby incur the hazard of paying additional costs in case the plaintiff makes no demand. If the plaintiff is sufficiently informed of the nature of the defendant's claim, so as to determine whether he will accept or reject it, he is bound to act or take the consequences of a refusal. In the case of Tompkins *v.* Ives, 3 Abb. N. S. 367, no answer had been served, and it was held that the offer would operate on the plaintiff's claim, but not on the independent causes of action existing in favor of the defendant; that it should be construed as an offer in the action at the time it was served, and in its then condition and without reference to the changed condition by the future proceedings. But this case is not in point, where a defense is interposed, and the plaintiff informed of its true character by the answer.

*More favorable judgment.*—Where the sum recovered is less than the offer made, the defendant is entitled to have interest computed upon the amount of the offer from the time it was made to the date of the judgment. The rule that interest cannot be added to the sum offered in determining whether the judgment is more favorable, is only applicable to actions where the damage are unliquidated.

In Smith *v.* Bowers, 3 N. Y. C. P. 72, an action was brought to recover the sum of $196.48, a balance due for iron sold and delivered, with interest. The defendants offered to allow judgment for $56 with interest and costs, but did not specify the time from which interest was to run. The jury rendered a verdict for plaintiff for $58.75.

The offer of judgment authorized by the Code must be for a specified sum. Where the offer is for $56, with interest, the only sum specified is $56, and no significance can be given to the words, " with interest," from the impossibility of fixing any date for computation. In Pike *v.* Johnson, 47 N. Y. 1, it was held that in such a case, interest, added by a jury or by the court to the damages found, cannot be estimated in determining whether a judgment is more or less favorable to the appellant than the offer of the respondent.

In Lumbard *v.* S. B. & N. Y. R. R. Co., 62 N. Y. 290, an action was brought to enforce a mechanic's lien against the property of the defendant in which the sum of $527.63 was claimed. The defendant served an offer, under the Code, that the plaintiff might take judgment against it for $226.50, with costs. A recovery was had for the full amount, and the judgment entered thereon was affirmed at general term; but, upon appeal to the court of appeals, it was reduced to $202.16, and, as modified, affirmed without costs. And it was held that the offer of judgment for $226.50 was restricted to the lien, and that a judgment more favorable to defendant was obtained. The plaintiff claimed a lien for the whole amount, and when the defendant offered judgment for a specified sum, it was necessarily and legally an offer that the lien might be enforced for that sum. The claim and offer must be construed with reference to each other. It is not material that a personal judgment might have been rendered against other parties; it would not affect the claim against, and offer by, this defendant. The judgment was reduced below the amount of the offer, and the effect is the same as though such judgment had been originally rendered by the supreme court.

The defendant is entitled to the benefit of his offer, which the statute gives him upon the reduction of the judgment in the court of appeals, the same as though the recovery had originally been for the reduced amount. The judgment of the latter court established the amount which should have been recovered in the first instance; and, in such a case, when the judgment of this court is made the judgment

of the court below, it is competent for the latter court to treat it as its own judgment, and to give the defendant the statutory benefit of the offer. The modification which reduced the judgment to an amount entitling the defendant to costs cannot over-ride the statute, and must, therefore, by implication, be subject to the enforcement of the statutory right. Id. The right to costs in case of a reduced recovery is fixed by statute, and courts have no discretion over the subject. Id.

In Leslie *v.* Walrath, 45 Hun, 18; 26 W. Dig. 451, an action was brought on a promissory note. The plaintiff claimed to recover the sum of $275 with interest and costs. The defendants set up a counter-claim, and before trial served an offer of judgment for the sum of $150, with costs to date. The offer was not accepted, trial was had, and the plaintiff obtained a verdict for the sum of $112.50.

The offer was ineffectual by reason of the limitation imposed by it in respect to costs, as its effect, if accepted, was to subject the plaintiff to the costs of entering judgment upon the offer, and of execution and entering satisfaction. The statute authorizing the offer provides that it shall allow a judgment, for a sum, or property, or to the effect therein specified, with costs. The party making the offer frames it to suit himself. In case he does not comply with the statute, in all sub-stantial respects, it is a nullity, and may be treated as such by the party served with it. Id.; McFarren *v.* St. John, 14 Hun, 387; Riggs *v.* Waydell, 78 N. Y. 586. Where the party served with a valid offer accepts it, he is entitled to enter judgment upon it, and to tax the costs of the entry against the party making the offer. But where the offer, as in this case, is so framed that the plaintiff, if he accepts it, can tax no costs accruing subsequently to the date of the offer, he is limited, by the terms of the offer, within the statutory amount.

Where the word costs is used in the offer of judgment, it does not include disbursements. Leslie *v.* Walrath, 45 Hun, 18; 26 W. Dig. 451. It is to be regarded as used in the same sense in the offer as in the section of the Code which authorizes an offer. Id. In Tompkins *v.* Ives, 36 N. Y. 75, an action was brought for work, labor and services, and board and lodging furnished to the defendant and his servants. Four days before the answer was interposed, the following offer was served: "The defendant herein offers to allow the plaintiff to take judgment against him in this action for $70, besides costs and dis-bursements. Watertown, Jan. 31, 1865." This offer was not accepted. On the third of February following, the defendant served his answer, setting up, among other things, counterclaims for goods sold and services rendered.

The import and effect of this offer must be determined by the con-dition of the pleadings at the time it was made. A notice of accept-ance, whether served on the first or the tenth day, can apply only to

the original offer. It operates upon the plaintiff's claim, but not upon independent causes of action existing in favor of the defendant, not set up at the time the offer was made. But in determining the right to costs, the plaintiff is entitled to the benefit of the counterclaims which the defendant afterward elected to interpose, and which were extinguished by the judgment. Tompkins *v.* Ives, *ante ;* Fieldings *v.* Mill, 2 Bosw. 489; Ruggles *v.* Fogg, 7 How. 324; Budd *v.* Jackson, 26 Id. 401; Schneider *v.* Jacobie 1 Duer, 694.

In Wallace *v.* American Linen Thread Co., 16 Hun, 404, an action was brought to enjoin the defendants from infringing the plaintiffs' trade-mark, and to recover damages for the infringement already made. Before the trial, the defendant served an offer of judgment to the effect that judgment should issue according to the prayer of the complaint, and that plaintiff recover damages against the defendants to the amount of $50, together with the costs of the action. The offer was not accepted.

§ 738 of the Code provides that, where such offer is served and not accepted, if the plaintiff fails to obtain a more favorable judgment, he cannot recover costs from the time of the offer, but must pay costs from that time. Though the verdict of the jury may be less favorable, it is the judgment of the court to which the Code looked, and which must be controlling as to the right to recover costs.

*Amendment.*—In Woelfle *v.* Schmenger, 12 N. Y. C. P. 312, an action was commenced and the complaint therein set forth three causes of action for work, labor and services performed. The defendant answered setting up a general denial and a separate defense or a counterclaim; and on the same day he served an offer to allow a judgment to be taken against him for $130, interest and costs. Thereafter plaintiff served an amended complaint from which were omitted two of the causes of action, and the defendant subsequently answered setting up a general denial. The plaintiff obtained a verdict for $77, and the clerk taxed costs in his favor.

The defendant thereupon made a motion, and the court granted an order for a new taxation of costs. On appeal it was held that, where, after the making of an offer of judgment, the plaintiff amends his complaint by omitting some of the causes of action and reducing the recovery sought, the offer ceases to be binding or conclusive upon either party, and becomes for all purposes nugatory. But it seems that, where an amendment to a complaint is one of form only, an offer of judgment, theretofore made in the action, would be binding upon the parties, notwithstanding such amendment. The power to amend a pleading and the right to make an offer of judgment are both derived from the Code, and the power is to be so construed that the legitimate exercise of one may not conflict with that of the other.

After the time had expired in which the plaintiff can accept the offer of judgment, he cannot, by any amendment of the complaint, take from the defendant the right ultimately secured to him by the offer. If a plaintiff amends his complaint in order to fortify his case against the legal effect of an offer of judgment, by enlarging the area, or the amount, of his demands, so that even a new answer of new or additional matter may be required, yet, if he in the end fails to recover a more favorable judgment than that offered by the defendant, there is no good reason why he should not be subjected to the payment of the defendant's costs, as required by § 738 of the Code. See Kilts *v.* Seever, 10 How. 270. Any amendment which the plaintiff may see fit to make, cannot deprive the defendant of the benefit of his offer. Id.

Under the former practice, the plaintiff might refuse the defendant's offer with impunity; he could proceed in the action notwithstanding such offer, and swell up a large bill of costs for the defendant to pay. The Code has furnished a remedy for this evil; the provision is just, and should be carried into full effect by the courts.

A *cognovit actionem* could be given before declaration, under the former practice; the Code authorizes a defendant to offer a confession of judgment to the plaintiff at any stage of the action before verdict. If an offer of judgment may be made before the complaint is served, an amendment of the complaint cannot deprive the defendant of the benefit of an offer made after complaint served, and prior to such amendment. Id. An offer, when served with the answer, must be held to have reference to the claims and demands which each party has set up in his pleading against the other, the same as a *relicta cognovit* formerly had. The case of Schneider *v.* Jacobi, 1 Duer, 694, bears directly upon this point.

It was held in Hirschspring *v.* Boe, 20 Abb. N. C. 402; 13 N. Y. C. P. 125, that, where a defendant in an action makes an offer to allow judgment to be taken against him, which is not accepted, and the plaintiff thereafter recovers a judgment which is not more favorable than the offer, the latter is entitled to costs up to the time of the offer and the former to costs thereafter.

The right of parties to costs, where an offer is made, is determined as at the time of trial. For instance, if a plaintiff sues for $49, he is not entitled to costs; but, if a defense is interposed, and the claim, with interest added to the time of trial, aggregates $50, and the plaintiff has a recovery for that amount, he is entitled to a full bill of costs. Id.

*Extra Allowance.*—In this case it was further held that, where the defendant in an action becomes entitled to costs by reason of having

made an offer of judgment which was not accepted, the court may grant him an extra allowance, and the exercise of its discretion by the court cannot be reviewed by the clerk on taxing costs. In the case of Magnin *v.* Dinsmore, 46 How. 197; 15 Abb. N. S. 331, it was held that where, after issue joined, the defendant serves an offer to allow judgment, and plaintiff failed to obtain a more favorable recovery, the defendant is not entitled to an allowance. If this decision denies the power of the court to grant an allowance where an offer has been made and rejected, it is not to be approved. There is nothing in § 3253 of the Code that imposes any such limitation of power, nor is there anything in Penfield *v.* James, 56 N. Y. 650, that necessarily implies such a limitation. Where the offer is not made until the issue is approaching trial, this circumstance may have its influence on the question whether an allowance ought to be granted to the defendant, inasmuch as his right to costs commences to run only from the time the offer is made.

In Riggs *v.* Waydell, *ante,* a motion was made by the defendants for an extra allowance and for leave to serve upon plaintiff's attorney the affidavit prescribed by § 740 of the Code of Civil Procedure, with the like effect as though it had been annexed to an offer of judgment herein, which had been subscribed and served by defendants' attorney without annexing such affidavit. And it was held that the offer made by the defendant to allow judgment to be taken was imperfect, because it was not in conformity with the Code, and, if the case was one in which the courts were authorized to allow the defendant to serve the affidavit required *nunc pro tunc,* it was a matter of discretion with the special term, and having once been refused there, and also by the general term, no appeal lies to the court of appeals.

In Eagan *v.* Moore, 2 N. Y. C. P. 300, the defendant served on the plaintiff's attorney an offer of judgment pursuant to § 738 of the Code. This offer was signed by the defendant's attorney, but it did not have annexed his affidavit to the effect that he was duly authorized to make it. This offer was not accepted. Judgment was rendered in favor of the plaintiff, for a sum less than the amount of the offer. The defendant thereafter moved to amend his offer of judgment so as to supply the omission. And it was held that the court has the power to allow the amendment of an offer of judgment, after the trial of an action, *nunc pro tunc,* as of the time it was made; and that, where both parties to the action supposed that the offer of judgment, in such case, was in proper form, and there is no pretension that the plaintiff was misled by its informality, or that he would have accepted it, if it had been in proper form, it was a proper case for the allowance of such an amendment.

*When set aside.*—It has been claimed that § 385 of the former Code

applied only to cases in which the defendant was willing to admit a. part of the plaintiff's demand, and that, when the defendant wished to confess a judgment for the whole amount claimed by his creditor, he. must comply with the requirements of §§ 382, 383 of that Code, and in case he did not, the judgment might be set aside on the application of subsequent judgment creditors. But it was repeatedly held that the proceedings under the various sections of the former Code were entirely distinct and independent of each other, and that the confession of judgment without action under §§ 382, 383 was analogous to confession by bond and warrant of attorney under the former system of practice, and that the proceeding under § 385 was analogous to the former mode of judgment upon cognovit. Ross *v.* Bridge, 24 How. 163.

There was nothing in the language of § 385 which showed that it was the intention of the legislature to limit the right of a defendant to offer judgment in an action regularly commenced against him, to cases in which he would be willing to confess a part of the plaintiff's claim, *Id.* Under the former system of practice, a party who had commenced an action was not compelled to receive a cognovit, but could proceed and take judgment by default. But the Code has made it compulsory upon the plaintiff to accept the offer of the defendant, under the penalty of paying costs, if he proceeds in the action and fails to obtain judgment for a more favorable sum than that for which judgment, is offered. *Id.*

In this case the plaintiff in an action moved to set aside a prior judgment, on the ground that it was entered upon an offer served by the defendant, pursuant to § 385 former Code, after the service of a summons and complaint upon him, and that the offer was for the full sum demanded in such summons and complaint. And it was held that. an offer of judgment for the full sum demanded is allowable and the provision is not limited to cases in which the defendant is willing to permit the plaintiff to take judgment for only a part of his claim.

In Ross *v.* Bridge, *ante*, it is said: "There can be no doubt that the court has a right to set aside a judgment entered upon an offer of judgment, and would exercise it in a case in which it should be made to appear that such a proceeding was taken collusively between the plaintiff and defendant for the purpose of evading the provisions of §§ 382, 383."

It is very evident that the justice, who wrote the opinion in this. case, did not mean quite what his language may be construed to imply. "Collusively," as used in the paragraph quoted, must refer to some deceitful act suffered or done other than the recovery of the judgment by offer to compromise. Giving priority to one just debt over another, has always been permitted by the law of this state, and though the method by judgment on an offer to compromise may not be the most.

satisfactory to effect such a preference, still it has been sanctioned by the practice of many years, and a judgment recovered in that way cannot, on account of the method employed, be declared fraudulent.

In Trier *v.* Hermann, 44 Hun, 489, an action was brought to vacate or annul a prior judgment recovered in favor of a third party against the defendants in this action. Said judgment was entered upon an offer served with the complaint in that action and accepted by the plaintiff therein. The judgment was assailed as invalid, under a claim that the object of entering it on the offer and acceptance was to evade the observance of the statutory requirements made for the entry of judgment by confession. There was no impeachment of the indebtness upon which the judgment had been recovered, nor was it alleged that said judgment had been collusively or fraudulently entered.

This was held not to be sufficient to entitle the plaintiff, as a subsequent judgment creditor, to maintain an action to set aside the prior judgment; for even though the plaintiff in the prior judgment brought his action upon the indebtedness to recover his judgment by suit, and not by confession, to avoid or evade the provisions of the statute regulating the proceedings through which a judgment might be confessed, this of itself would not render a judgment so obtained either fraudulent or collusive; and no authority can be referred to which will support any other view.

But it is plainly intimated in the authorities that the judgment must be collusive or fraudulent before it can be set aside where it has been recovered in this manner. The conclusion of the court in Ross *v.* Bridge, *ante*, and Beards *v.* Wheeler, *ante*, is to this effect. The case of Moses *v.* McDivitt, 88 N. Y. 62, does not in any manner consider this point. In this case the only question was whether the judgment, which had been recovered in this manner, in order to authorize and protect a usurious transaction, should afterwards exclude the defense of usury, and this the court held that it could not do. No authority exists which empowers the court to vacate a prior judgment on the service of a summons and complaint, and an offer of judgment and acceptance of the offer, for the sole reason that the proceedings are taken in this manner, as being preferable to those provided for the recovery of judgments by confession. Where the complaint states all that is required to set forth, and presents a legal cause of action, and so long as the defendant is willing to permit judgment to be entered against him as it is demanded in the complaint, and the indebtedness has in no manner been impeached, the court is not authorized in an action brought for that purpose, to vacate or set aside the judgment.

This case went up on appeal from the judgment of the general term to the court of appeals, and is reported in 115 N. Y. 163. It was there held that a creditor may obtain a judgment in one of three ways:

(1.)  He may serve a summons in an action and take judgment after a trial or by default, but he must pursue the regular practice to that end. (2.)  He may serve a summons and complaint and obtain an offer of judgment from the defendant, and upon that enter judgment under § 738 of the Code; and if he adopts this course, he must pursue the practice prescribed.   Or (3), he may obtain a judgment by confession in the manner provided in §§ 1273, etc., of the Code.  He may pursue one for the express purpose of avoiding the other methods, because the statute gives him the absolute choice.   If his practice is regular and his claim and proceedings are honest and *bona fide*, the court will not deprive him of the advantage his judgment will give him.

In McFarren *v.* St. John, *ante*, the question arose between the parties to the action in respect to an offer of judgment without the affidavit annexed, to which the plaintiff's attorney gave no attention, and the court held that he was at liberty to disregard it and to recover costs subsequent to its service, although his recovery was less favorable than the offer; and the remark there made that the offer without the affidavit was a nullity, treated as referring to the right of the plaintiff's attorney to so regard it, was correct in its application to the situation. The same may be said of the case of Riggs *v.* Waddell, 17 Hun, 515. These cases went no further and embraced within their application the parties to the action only, and their doctrine does not deny to the parties the right to waive the defect, nor does it determine the effect of waiver upon a judgment entered in such a case.

The statute provides that "unless an offer or an acceptance is subscribed by the party making it, his attorney must subscribe it, and annex thereto his affidavit, to the effect that he is duly authorized to make it, in behalf of the party."  § 740, Code Civ. Pro.  This provision was intended for the benefit and protection of the parties to the actions in making and accepting offers of judgment provided for by § 738. Citizen's Nat. Bank *v.* Shaw, 46 Hun, 589.

Where the affidavit of the managing clerk of the defendant's attorney annexed to the offer, does not satisfy the statutory requirement, the plaintiff's attorney is at liberty to treat the offer as a nullity and disregard it for the want of the requisite evidence of authority of attorneys for the defendant to make it.   *Id*; McFarren *v.* St. John, *ante*; Riggs *v.* Waddell, *ante.* If he does not so treat it, but formally accepts the offer, and annexes to his notice of acceptance the requisite affidavit, and thereupon enters judgment, the omission to annex the proper affidavit to the offer of judgment is waived by such acceptance and entry of judgment. *Id.*

The method of offering and by acceptance hastening the right to take and cause the entry of judgments, is a proceeding in a pending action, and differs somewhat from a statutory method and proceeding provided

for the purpose of taking judgment without action, as upon bonds and warrant of attorney and the more recent means known as judgment by confession.

The provision, directing annexation of an affidavit to the offer of judgment in case it is made by the defendant's attorney, is designed for the benefit of the parties and as a safeguard against the exercise by their attorneys, of the power to determine their client's rights in the action without the latter's authority. While as between them, the failure to observe the requirement is available, it is an irregularity in the action which the parties may waive, and does not legitimately concern third parties, and, having been once waived, is not the subject of their criticism going to the validity of the judgment. And the record is properly amendable in that respect on application of the parties to the action. White *v.* Bogart, 73 N. Y. 256; Maples *v.* Mackey, 89 Id. 146; Clapp *v.* Graves, 26 Id. 418; Close *v.* Gillespie, 3 John. 526.

The judgment in an action is entered upon an offer and acceptance, with no statement of the claim further than it is represented by the allegations of the complaint. The affidavit to the offer of judgment has relation only to the authority, when the offer is subscribed by him, of the attorney from his client to do so. If no authority is given, the client very likely may get relief from the judgment if the affidavit is wanting, because, in that event, its absence will charge the plaintiff with notice of such want of authority. And though the requisite power was received by the attorney of the defendant, and his affidavit was waived by the plaintiff, the court, by its clerk, might, by reason of its omission, refuse to enter the judgment; but this fact does not characterize the defect as anything more than a mere irregularity in the proceeding, and the validity of the judgment, if entered under these circumstances, would not be substantially affected or impaired by such omission in the record.

In Bulger *v.* Rosa, 47 Hun, 435, an action was brought in replevin to recover the possession of a stock of groceries from the defendant. The defendant by his answer justified under several executions issued on judgments rendered against the plaintiff and his co-partner, averring that the property in question belonged to them, or that they had a leviable interest therein. The papers in each of the judgment-rolls contained a summons, verified complaint, general appearance for both defendants by an attorney-at-law, offer of judgment against both defendants, subscribed by the said attorney, accompanied by an affidavit that he is the attorney for the defendants in the above entitled action, and is duly authorized by one of said defendants, who are co-partners, to make the foregoing offer of judgment on behalf of said defendants, and has subscribed the same pursuant to such authority; and acceptance of the offer by the plaintiff's attorney duly verified, affidavit of

the plaintiff's attorney of the offer and acceptance, statement of judgment, etc.

§ 740 of the Code provides that, when an offer of judgment is subscribed by an attorney, instead of the party, he must annex thereto his affidavit, to the effect that he is duly authorized to make it, in behalf of the party.

Where the attorney states in effect, in his affidavit, that he was duly authorized by one to make the offer in behalf of both defendants, and if the other partner did direct his co-partner to give the attorney such authorization, the latter was beyond doubt as duly authorized within the meaning of the foregoing section as though the partner had given him personal authorization. In such case, it cannot be claimed that the affidavit on its face shows a want of authority by one partner to offer judgment for the firm. If such authority was not actually given by one partner through his co-partner, the former had a complete remedy in a motion to set aside the judgment as against him, upon the ground of irregularity. Bulger v. Rosa, ante; Garrison v. Garrison, 67 How. 271.

But either a motion or an action, brought directly for the purpose, is necessary in order to relieve him from the burden of the judgment, even though no authority had been given by him to make the offer. The general appearance by an attorney-at-law for both defendants, though partners, will confer jurisdiction upon the court, of both the subject, matter of the action and of the persons of the defendants. Where jurisdiction has been thus acquired by the court before the offer of judgment is made, the offer, though defective, will not render the judgment wholly void. It merely constitutes an irregularity voidable on disclaimer and motion by the defendant who is erroneously affected. But where the irregularity is the result of a mistake, the court, in the interests of justice, can by order permit a proper affidavit to be supplied, and the judgment made regular in form. The judgment, since the defect is one of regularity of procedure, and not of jurisdiction, cannot be attacked collaterally.

In McFarren v. St. John, ante, it was held that an offer of judgment signed by the defendant's attorney is a nullity, unless verified as required by § 740 of the Code. The plaintiff is not entitled to enter judgment upon it, if he accepts it; and, unless 'it is sufficient for all the purposes of an offer, it is of no avail.

The plaintiff, by simply retaining an offer, does not waive the omission of the verification clause. An offer of judgment is not analogous to an answer or other pleading. An answer is a proceeding hostile in all respects to the party on whom it is served; and, if he chooses to waive an irregularity in it, he may do so; and he is deemed to have done so by receiving and retaining it without objection.

While an offer of judgment, under the Code, is to some extent undoubtedly hostile to the party on whom it is served, as it imposes upon him the responsibility of accepting or rejecting it at the peril of losing his costs, and of becoming liable to pay the costs of his adversary, it is not wholly so. If he accepts it, he is decidedly benefited by it, for it renders further litigation unnecessary, and enables him to enter judgment for the amount offered without delay. So far is it from being an exclusively hostile proceeding, it may be used, by connivance between the parties to it, as a means of obtaining a fraudulent judgment at the expense of the creditors of the party making the offer. Id.

The provision of § 740 of the Code is new, and was obviously regarded by the legislature as material to the rights of both parties. So far as the party in whose behalf it is made is concerned, the opposite party can waive nothing for him. Unless the offer, when subscribed by the attorney, is verified according to the statute, it cannot have the effect to set the party on whom it is served in motion; he is not required to notice it in any manner; he need not return it, and he waives nothing by not returning it. The omission of the verification clause in such case is not a mere irregularity, but matter of substance.

In Werbolowsky *v.* The Greenwich Ins. Co., 14 Abb. N. C. 96, it was held that an offer of judgment made by an attorney, without affidavit to his authority, is not merely irregular, but insufficient in substance, and a nullity not amendable. But in the case of Eagan *v.* Moore, *ante,* it was held that the court had the power, under § 724 of the Code, to allow an amendment, by supplying the affidavit of the attorney, that he was authorized to make the offer which was omitted by the attorney, after the judgment. In McFarren *v.* St. John, *ante,* and in Riggs *v.* Waydell, *ante,* the contrary was held, and it was ruled that it was not an irregularity but a matter of substance. The latter case was affirmed by the court of appeals, though the precise point was not necessarily passed upon in the appellate court.

An amendment which virtually creates a new proceeding is not within the intent or spirit of § 724 of the Code, authorizing the court to amend proceedings. The right to make an offer of judgment is purely statutory, and if the statute in that respect is not complied with, the opposing counsel has an undoubted right to rely upon its insufficiency, otherwise he might have accepted it, if he had supposed that the court could give it life after the rendition of judgment.

It seems that, where a debtor, against whom actions have been commenced by different creditors, serves an offer of compromise under § 738 of the Code in the action last commenced, and thus enables the plaintiff therein, by accepting the same, to perfect his judgment in ad-

vance of the creditor who first brought suit, and to obtain a preference in the payment of his debt, it is not such a fraud as will authorize the setting aside of the judgment so obtained, as the giving of a preference by a debtor to one creditor is not unlawful. Beards *v.* Wheeler, 76 N. Y. 213. The debtor may have reached the same end by payment, by turning out properly, by chattel. mortgage, by confession of judgment or by an assignment.

In White *v.* Bogart, *ante,* a contest was made over surplus moneys arising on foreclosure, and certain judgments against the mortgagors were claimed to be prior liens. Each of these judgments, as appeared by the judgment roll, was entered upon an indorsement on the summons or complaint, signed by the defendants, admitting due and personal service thereof, waiving the twenty days time for answering, and consenting to the entry of judgment forthwith for the amount claimed. And it was held that there was an appearance by the defendants in person in the several actions, which was equivalent to a personal service of a summons, and gave the court jurisdiction of the persons, without the service of a summons and complaint; also, that the consent that judgments be entered was the equivalent of an offer of judgment under § 385 of the former Code; and that, although there was no formal acceptance of the offers, they were accepted, in fact, by the entry of the judgments; and the want of a formal acceptance in writing, to be filed with and made a part of the record, was an irregularity merely, not affecting the validity of the judgments, and that the acceptance may be filed at any time, *nunc pro tunc,* by leave of the court, or may be waived by the party.

There is an obvious distinction between an action by an attaching creditor to set aside a prior confessed judgment, because intended to hinder, delay or defraud creditors, and a motion by such creditors, to set aside the judgment for want of conformity in the practice to a provision of the Code. Stark *v.* Stark, 2 How. N. S. 360. Defects and irregularities do not affect the jurisdiction of the court; and where no fraud or collusion is imputed to the parties, the remedy for such defects is given to the party alone. Gere *v.* Grundlach, 57 Barb. 15; Rouf *v.* Meyer, 2 How. N. S. 20; Stark *v.* Stark, *ante.*

In the latter case, a motion was made by an attaching creditor to set aside a judgment, which had been entered upon plaintiff's acceptance of an offer made by defendants, on the ground that the acceptance did not have annexed thereto any affidavit to the effect that the plaintiff's attorneys were duly authorized to accept said offer, as required by § 740 of the Code; and it was held that the court has power to allow an amendment *nunc pro tunc* annexing the proper affidavit; and that, where it appears that the omission to annex the proper affidavit to the acceptance was an inadvertence of the attorney, and

that the authority to accept actually existed, the amendment should be granted.

*Joint debtors.*—The purpose and object of § 385 of the former Code and succeeding sections were clearly indicated by the title of the chapter, as well as by the report of the commissioners by whom it was reported to the legislature. Bridenbecker *v.* Mason, 16 How. 203. The former Code required that, in actions arising upon contract for the recovery of money only, the plaintiff should insert in the summons a notice that he would take judgment for a sum specified therein. If the defendant did not desire to contest this amount, he might suffer judgment to pass by default and without appearance. Where he conceded the cause of action to an amount less than that claimed, or was willing to concede something rather than litigate, he might, by way of compromise, make an offer of judgment, under this section, and this offer was not confined to actions upon contract. In most cases, this provision was resorted to in fraud of the chapter regulating the confession of judgment, and very seldom to accomplish the good intent of its framers. Id. The proceeding was, however, within the letter of the statute, and, in the face of the very general practice, sanctioned in part by the acquiescence of the courts. Id.

The former Code authorized the defendant to serve upon the plaintiffs an offer in writing, to allow judgment to be taken against him for the sum or property, or to the effect therein specified, with costs. This privilege was not confined to actions against a sole defendant, but extended to actions against several defendants. Whether all, who had been served with process, should not join in the offer, unless the plaintiff was entitled to judgment by default against those not uniting therein, was questionable. The offer had to be such and made at such a time, that the plaintiff might at once avail himself of it and take his judgment. Where only one of several defendants jointly liable upon the cause of action stated in the complaint, all of whom had been served with process, offered a confession of judgment under this section, while the other defendants could still come in and litigate, the plaintiff was greatly embarrassed. If he must still litigate with the other defendants, all inducements to accept the offer were gone; and to accept, in the case of unliquidated damages, an offer of judgment by one defendant for a specific sum, while the verdict against the other might be for a very different sum, was out of the question, as no joint judgment could, in that case, be given.

" The defendant," in § 385 of the former Code, was held to mean a sole defendant, or all the defendants who had been served with process and really made but one party to the action. Bridenbecker *v.* Mason, *ante.*

This was the effect of the decision in LaFarge *v.* Chilson, 3 Sandf.

752. The court in the latter case very carefully limited the right of one or more of several defendants to serve an offer under this section, to the case where the suit was so situated in respect to the other defendants that the plaintiff might at once enter judgment to the effect offered against all the parties jointly liable with those making the offer ; as where the co-defendants' time to answer had expired, and they had not appeared. Id.

In the other cases in which an offer from one of several defendants has been held proper, only the defendants making the offer had been served with process, so that, upon accepting the offer, the plaintiff was immediately entitled to judgment against all the defendants in form, but which should affect only the individual property of those joining in the offer. Id. ; Orwell *v.* McLaughlin, 10 N. Y. Leg. Obs. 316 ; Lippman *v.* Joslin, 1 C. R. N. S. 161 ; Emery *v.* Emery, 9 How. 130. The judgments in these cases were sustained under the provision regulating proceedings against joint and several debtors. The rule was the same under the former practice. Pardee *v.* Haynes, 10 Wend. 630.

In Garrison *v.* Garrison (3 cases), 67 How. 271, the plaintiffs each commenced an action in the supreme court by the service of a summons and complaint upon one of the defendants only. This defendant on the same day retained an attorney, who served upon the plaintiff's attorney offers in writing duly verified by said attorney, by which he offered to let the plaintiffs take judgments against both defendants for the full amount claimed in each case. The offers were accepted and judgment entered accordingly. The defendant, who was not served, moved to set aside said judgments upon the grounds of irregularity and collusion.

Where there are two or more defendants and the action can be severed, the Code permits an offer to be made by one or more defendants against whom a separate judgment may be taken. Under this clause of § 738, a judgment may be taken against him who makes the offer, if a separate judgment can be taken. But there is no statutory authority allowing one joint debtor or partner to make an offer in behalf of his joint debtor or co-partner.

Section 1932 of the Code, which allows judgment to be entered in form against both joint debtors when only one is served, does not relate to judgments entered upon offers. Nor does § 1278 relate to offers, but only to confessions of judgment. The common law power of one copartner to act as the agent of the firm is limited to the ordinary firm business. Mabbett *v.* White, 12 N. Y. 442. The judgments, in the three cases of Garrison *v.* Garrison, *ante*, were vacated with costs. See also Tripp *v.* Sanders, 59 How. 379 ; Burney *v.* LeGal, 19 Barb. 592 ; Bredenbecker *v.* Mason, 16 How. 203 ; Everson *v.* Gehrman, 10 Id. 301.

Note on "Defendant's Offer to Compromise."

In Heckemann *v.* Young, 55 Hun, 406, it was held that § 738 of the Code is expressly limited to two or more defendants, when the action can be severed, and does not contemplate joint debtors. Where there are two or more defendants, and the action can be severed, an offer may be made under this section. Where a plaintiff takes a judgment against one of two joint debtors, on his offer of compromise, the debt is merged in the judgment. He commits an error in entering the judgment against the defendant making the offer, until he has the right to do so against the other defendant; at such time he has the right to use the offer under § 738 in conjunction with a default, or a verdict, or the report of a referee, as to such defendant.

In Bannerman *v.* Quackenbush, 7 N. Y. C. P. 428, the defendants were sued as partners upon a firm indebtedness. One of the defendants appeared and served an offer to allow judgment to be taken against him for $65.54, with interest and costs. The other defendant was not served with process, and did not appear. The plaintiff entered a judgment against the defendants jointly for $72.91. The question presented is whether the circumstance that the judgment is a joint judgment against both defendants makes the recovery more favorable to the plaintiff than the offer of the defendant who appeared in the action.

If a joint judgment could have been entered on the offer, the judgment recovered is not more favorable. But if a joint judgment could not have been so entered, the recovery is more favorable because it is enforceable against the joint property of both defendants, as well as the separate property of the defendant served. See Griffiths *v.* DeForrest, 16 Abb. 292.

The Code, in regard to offers to allow judgment, provides that the defendant may, before the trial, serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him for a sum or property, or to the effect therein specified, with costs. If there are two or more defendants, and the action can be severed, a like offer may be made by one or more defendants, against whom a separate judgment may be taken. In Bannerman *v.* Quackenbush, *ante*, the action was not severed, nor was it capable of severing, so that a separate judgment could have been taken against the defendant who made the offer. See Niles *v.* Battershall, 2 Robt. 146; 18 Abb. 161; 27 How. 381; Nelson *v.* Bostwick, 5 Hill, 37.

In Garrison *v.* Garrison, it was decided that there is no statutory authority allowing one joint debtor or partner to make an offer of judgment in behalf of his joint debtor or co-partner, and that § 738 of the Code only applies to cases where a separate judgment must be taken against the party who makes the offer, and that § 1932 of the Code, allowing judgment to be entered in form against both joint debtors when one only is served, does not relate to judgments entered upon

offers of judgment. This construction accords with Everson *v.* Gehrman, 1 Abb. 167; 10 How. 301, and Binny *v.* LeGal, 1 Abb. 283; 19 Barb. 592; 2 L. Bull. 63. Offers to allow judgment are to be construed most strongly against the parties making them, as they have it in their power to choose their own language and make them definite and in accordance with every requirement. Bannerman *v.* Quackenbush, *ante;* Bettis *v.* Goodwill, *ante.*

The first sentence of § 738 of the Code of Civil Procedure is identical with § 385 of the former Code. Under the former Code, it was held that one joint debtor, or one co-partner, might make an offer that the plaintiff should take judgment against the defendant jointly liable; and, if he was authorized to make such an offer by his co-defendants, or if there was a general appearance for all, or if the offer was made to secure a *bona fide* creditor, judgment might be entered upon the offer against all the defendants in form, and enforced against their joint property and against the individual propetry of the defendant served. Bannerman *v.* Quackenbush, 17 Abb. 103; 9 N. Y. C. P. 110; and see also Olwell *v.* McLaughlin, 10 N. Y. Leg. Obs. 316; Bredenbecker *v.* Mason, *ante;* Binny *v.* LeGal, *ante;* Emery *v.* Emery, 9 How. 131. It was also held, under the former Code, that where one of two defendants jointly indebted made an offer to plaintiff to take judgment against him, and his co-defendants were in default for want of an answer, or 'had not appeared, so that the plaintiff on receipt of the offer might at once enter judgment against both defendants, he must accept it or proceed at his peril as to future costs. Bannerman *v.* Quackenbush, *ante;* Forge *v.* Chilson, 3 Sandf. 752; Bredenbecker *v.* Mason, *ante.*

In Bannerman *v.* Quackenbush, *ante,* the co-defendant was not in default and had not been served with process, and the offer was not made on behalf of the joint debtors but was an offer of judgment, by the defendant served, against himself alone. It was expressly held, in Everson *v.* Gehrman, *ante,* that such an offer did not authorize a judgment against the defendant making the offer and his co-partner as joint debtors; and a judgment entered against both debtors upon such an offer was set aside as irregular. If the effect of an offer by one of two joint debtors is simply to authorize an individual, and not a joint, judgment, so that the plaintiff cannot have execution against the joint property, it is certainly an offer of a less favorable judgment than that which he recovers against both joint debtors in form. This was decided in the case of joint and several debtors, in Griffiths *v.* DeForrest, where two out of four defendants offered to allow judgments against themselves separately.

The Code of Civil Procedure contains a provision not found in the former Code, by which one or more defendants in an action which can be severed, may make the offer of a separate judgment. This provis-

ion was inserted to cover such cases as Griffiths *v.* DeForrest, *ante,* where the action is brought against defendants jointly and severally liable as to whom the action may be severed, and against whom separate judgments may be taken; but it has no reference to actions against defendants whose liability is joint, as in the case of copartners sued upon a firm debt.

It has been held since the adoption of the Code of Civil Procedure, that there is no authority for one copartner to make an offer of judgment for the firm, Garrison *v.* Garrison, 67 How. 271, and that no offer by one copartner is effectual without evidence that the other copartners approved or ratified it. Weed *v.* Bergstresser, 2 L. Bull. 55; Binney *v.* LeGal, *ante.*

An offer to allow judgment under § 738 of the Code is but a substitute for the former cognovit by which a defendant who had no defense gave to the plaintiff a written confession of the action. Kantrowitz *v.* Kulla, 20 Abb. N. C. 321; 13 N. Y. C. P. 74. On the assumption that the offer provided for by this section is practically a written confession by the defendant making it, there is no reason why judgment may not be enforced against the party making it, without barring the action against the other joint debtor who did not make the offer. Prior to the enactment of § 1278 of the Code, a judgment against one joint debtor operated to merge the debt in the higher security of the judgment, which was regarded as the bar to any action against the other joint debtors, and this was the case whether the judgment was recovered by action or upon confession. Candee *v.* Smith, 93 N. Y. 349. This section was designed to change this technical rule of the common law, by permitting one of several joint debtors to confess a judgment without impairing the legal remedies of the creditor against the others who do not join in the confession.

§ 1278 was passed with reference not only to § 1273, but also to 738 of the Code, which authorizes a form of judgment by confession " after action " through the medium of a cognovit or offer. There is no cogent reason why the new rule introduced by § 1278 should not be held to embrace " confessions " made through the medium of an offer to allow judgment. They are all confessions of judgment authorized by the Code, serve the same purpose, and differ only in name and form. Kantrowitz *v.* Kulla, *ante.* The new provision is remedial in its nature, and should be liberally construed to give it efficiency, according to its evident spirit and intent. Id.

It was held in this case that a judgment entered against one joint debtor upon his offer of judgment does not merge the debt, or bar the remedy of the creditor against the other debtor who was not included in the offer and judgment.

A partner who has made an offer of judgment has no authority, as

a copartner of the other defendants, to confess a judgment for them. The implied agency, resulting from the relation of the parties, does not extend to the performance of such an act. He can only bind himself. Bredenbecker *v.* Mason, *ante.* Where the partner employs an attorney to appear for all the defendants, and such attorney serves an offer of judgment in that capacity, without fraud or collusion, a judgment entered against all of them upon such offer is technically regular and, within the precedents, will be sustained. Id.; Grazebrook *v.* McCredie, 9 Wend. 437; Griswold *v.* Griswold, 14 How. 466. To authorize an entry of judgment upon an offer signed by a special agent, some proof of authority must accompany the act, and make a part of the proceedings and record in the case. Id.

§ 738 of the Code allows a defendant to offer to permit judgment to be taken against himself, but it certainly does not allow him to make an offer whereby judgment may be entered against a business firm, of which he is a member. Rich *v.* Roberts, 18 N. Y. C. P. 205; Garrison *v.* Garrison, *ante.* Where copartners are sued, one partner cannot bind the other members of his firm by offering to allow judgment in any action against the firm, Weed *v.* Bergstresser, 2 L. Bull. 55; Binney *v.* LeGal, *ante*, except where there is evidence that the copartner authorized his partner to make the offer, or assented thereto. Rich *v.* Roberts, *ante.*

In Binney *v.* LeGal, *ante*, it was held that one partner has no power to make an offer to the plaintiff to take judgment, under the Code, on behalf of himself and his copartner without some evidence from which it is to be inferred that his copartner authorized him to make the offer, or assented to it. Where an attorney appears for both, and there is no contrivance in employing him to appear, his appearance on the record may make the judgment regular.

*Severance.*—In Bradbury *v.* Winterbottom, 13 Hun, 536, the plaintiff alleged two causes of action separately. The defendant by his answer denied his liability upon the second cause of action, and served an offer to permit judgment to be taken against him for the amount claimed under the first cause of action. The answer, by failing to refer to the first cause of action, admitted the claim contained therein. The plaintiff moved to sever the action in reference to the claim therein alleged. The application was denied under a misapprehension of the effect of granting the relief sought, occasioned by the offer which it was supposed must be retained to prevent the plaintiff from recovering costs, and to secure them to the defendant, if successful in resisting the second cause of action. From the denial of the motion, the plaintiff appealed.

When a severance is made, if an offer covering the separate claim has been accepted, the costs allowed in granting judgment for the sum

tendered would be to the time of such acceptance, and if no acceptance was given, then to the time of granting the order severing the action. If the plaintiff, on proceeding as to the severed claim, does not succeed the defendant will be entitled to costs, because as to it the action proceeds as though it had been brought only to recover such claim, and the offer will not give the defendant more protection from, or right to, costs than the statute confers. The offer in such case accomplishes nothing.

*Bar.*—In Robinson *v.* Markes, 19 Hun, 325, the facts involved in the controversy are as follows: The plaintiffs, in 1877, brought an action against the firm of Silliman & Co., to recover about $12,000 for various notes and drafts made by that firm. Among them, there was described a note for $2,500, made by that firm to the order of the defendant. The complaint alleged that this note was wholly unpaid, except the sum of $122. Silliman & Co. denied that plaintiffs had any claim against them upon this note, but averred that this note was given to plaintiffs as collateral security. Accompanying their answer, they made an offer of judgment, under § 738 of the Code, for the amount claimed by plaintiffs in the complaint after deducting this note. The plaintiffs accepted this offer, and entered judgment upon it, against Silliman & Co., for $11,222.27. They then brought the present action against the defendant who was the endorser of this note; and the question is, whether the judgment against Silliman & Co. bars a recovery against the endorser.

The legislature cannot have intended, by § 738 of the Code, after an acceptance of the offer made by defendant for a less sum than the entire claim, that a plaintiff should be again permitted to sue for the rejected portion of the claim. The admission of the plaintiff, by the acceptance of the offer, stands in the place of a verdict of the jury upon the entire complaint. Where the complaint has never been amended by striking out such clause, the sum received in compromise includes the whole number of causes of action described therein; and, if in such case the plaintiff cannot sue the makers, he cannot sue the endorser upon the rejected claim.

Where there is no proof, nor any stipulation between the parties by which it is agreed that any part of the cause or causes of action shall be withdrawn from the contemplation of the parties in making the compromise, the case does not come within the authorities in which a party is permitted to bring a new action for a severable cause of action sued on, or alleged by way of counterclaim in a former action, upon its being made to appear in court, either by parol evidence or by stipulations, that such cause of action was withdrawn, and not litigated in the trial of the former action. Davies *v.* Mayor, etc., N. Y., 4 N. Y. C. P. 295; Kerby *v.* Daly, 63 N. Y. 659; Knox *v.* Hexter, 71 Id. 461.

There can be little doubt that, in the absence of proof of such withdrawal, a general verdict or judgment would be a bar to a former suit on any cause of action or counterclaim pleaded in the action in which the judgment was had. Davies v. Mayor of N. Y., ante; Hopf v. Myers, 42 Barb 270.

A judgment entered upon an offer of compromise, certainly, cannot put a plaintiff in a better position than he would have been with a verdict for the same amount, in the absence of any proof that a portion of the claim embraced in the complaint was withdrawn and not litigated.

Smith v. Jones, 15 John. 229; Farrington v. Smith, Id. 432; Miller v. Covert, 1 Wend. 487; Guernsey v. Carver, 8 Id. 492; Stevens v. Lockwood, 13 Id. 645; Davies v. Mayor of N. Y., ante.

In the last cited case, the plaintiff brought an action against the defendant to recover quarterly installments of $500, each due on the first days of February, May, August, and November, 1877. The defendant served an offer to allow judgment to be entered against him for the principal sum of $1,000, with interest, besides the costs and disbursements accrued and incurred in this action to the date of the offer. This offer the plaintiff accepted and entered judgment accordingly. Afterward the plaintiff brought this action to recover four quarterly installments of said rent claimed to have become payable on the first days of August and November, 1877, and February and May, 1878. The court, at special term, found for the defendant, and dismissed the complaint, holding that the claim for rent falling due August 1 and Nov. 1, 1877, having been made a part of the plaintiff's cause of action in the former suit, compromised by the offer, became merged in the judgment entered therein, so that the plaintiff's action in this case, so far as that portion of his claim is concerned, is barred by the judgment. This case went up to the court of appeals, and it was there held that a general offer of judgment accepted, upon which judgment has been entered, precludes the party accepting it from bringing a new action for any part of the claim embraced in the complaint, and which might have been litigated in the action. 93 N. Y. 250. The offer, under the Code, is made to save litigation. The party to whom it is made may accept or rejects it. If he accepts it, and is afterwards permitted to bring a new action and sustain it by proof that the whole claim originally made was recoverable, or that the amount offered was due on one of several causes of action embraced in the original action, it would or might destroy the only consideration upon which the other party acted in making the offer. Non constat that the offer would have been made except upon the view that its acceptance would extinguish the entire claim. In this case, the defendant intended to permit judgment for the amount of the two quarters rent prior to May 1, 1877, and not for the rent for the two quarters commencing May 1, 1877, which was also embraced in the action.